JABOUR *v.* McKNIGHT.*

(Division B.   Feb. 14, 1927.)

[111 So. 370.   No. 25632.]

1. HEALTH.   *Fire department, reducing number of fire escapes on hotel or lodging house, may not change character of fire escapes required by statute (Hemingway's Code, section 4633).*

   Code 1906, section 2266 (Hemingway's Code, section 4633), requiring hotels or lodging houses of over two stories to be equipped with iron stairs in case of being over one hundred fifty feet in length, and in other cases such number of stairs as may be directed by fire department, *held* to mean that, in case the building is less than one hundred and fifty feet, the number of stairs may be decreased with approval of the fire department,

but must be of same character as required for those of over
one hundred and fifty feet in length.

2. Innkeepers. *Lodging house owner held liable for injuries to
lodger from failure to equip building with fire escapes (Heming-
way's Code, section 4633).*

Under evidence showing lodging house was not equipped with
fire escape, as required by Code 1906, section 2266 (Hemingway's
Code, section 4633), resulting in injury to lodger in escaping
from fire, owner of lodging house is liable therefor.

3. Innkeepers. *Lodger held not to have assumed risk of lodging
house owner's failure to comply with law requiring fire escapes
(Hemingway's Code, section 4633).*

Lodger, by voluntarily taking room in building which was not
equipped with fire escapes, as required by Code 1906, section
2266 (Hemingway's Code, section 4633), held not to assume risk
of owner's negligence in failing to comply therewith.

*Corpus Juris-Cyc. References: Health, 29CJ, p. 261, n. 25; Inn-
keepers, 32CJ, p. 541, n. 48, 54; p. 564, n. 24, 25. On liability of inn-
keeper for injury to guest by lack of sufficient fire escapes, see anno-
tation in 10 L. R. A. (N. S.) 117; 21 L. R. A. (N. S.) 178; 39 L. R.
A. (N. S.) 744; L. R. A. 1917C, 1153; 4 R. C. L. 404.

Appeal from circuit court of Warren county.

Hon. E. L. Brien, Judge.

Action by J. M. McKnight against Marie Jabour.
Judgment for plaintiff, and defendant appeals. Affirmed.

*Vollor & Kelly,* for appellant.

Appellee claims that the cause of his alleged injuries
was the failure of the owner to provide a fire escape
with iron stairs and an iron balcony at the end of the two
floors, as described by section 4633, Hemingway's Code.
The building owned by appellant, out of which the con-
troversy, arose, is something over twenty-five feet wide
and eighty-eight feet in length, and when the two upper
stories were converted into a rooming house, the chief of
the fire department and the authority having control of
the fire regulations in Vicksburg directed and approved
the fire escape that was on the building at the time of the

fire.  When the fire escape was constructed under the fire chief's direction and approval, it is nothing more than fair and just that the proprietor of the boarding house should be absolved from all blame, even though the fire escape should afterwards prove inadequate or insufficient.  4 R. C. L. 408, section 13; *Bonbright* v. *Schoettler,* 1 L. R. A. (N. S.) 1091, note.

Section 4633, Hemingway's Code, provides that the fire department or fire authority in cities and towns "may" direct such number of balconies with stairs on buildings less than one hundred and fifty feet in length.  Thi: building complained of was not more than eighty-eight feet in length.  By this section, the number of balconies with stairs was left to the judgment of the fire authority in Vicksburg.

Our statute does not require a certificate of approval from the fire department, but the direction and approval of the fire chief as to the fire escape on this building was sufficient to relieve defendant from the instruction against her.  *Pauley* v. *Steam-Gauge & Lantern Co.,* 15 L. R. A. 194; *Bonbright* v. *Schoettler,* 1 L. R. A. (N. S.) 1091.

The right of appellee's claim rests solely upon the statute, and no right of action for his injuries existed at common law.  *Pauley* v. *Steam Guage & Lantern Co.,* 131 N. Y. 90, 15 L. R. A. 194, 29 N. E. 999; *Schmalzied* v. *White,* 97 Tenn. 36, 32 L. R. A. 782, 36 S. W. 393.

The earlier cases on this question of fire escapes, or the inadequacy or insufficiency thereof on buildings, are collected in the notes to *Rose* v. *King,* 15 L. R. A. 160; *Yall* v. *Snow,* 10 L. R. A. (N. S.) 177.; *Arnold* v. *National Starch Co.,* 21 L. R. A. (N. S.) 178.  See, also, *Radley* v. *Knepfly,* 124 S. W. 447 and 135 S. W. 111.

Mrs. Jabour's failure to provide an adequate and sufficient fire escape would avail him nothing if that was not the proximate cause of the injuries that he alleged he sustained.  *Weeks* v. *McNulty,* 101 Term 495; *Sewell* v. *Moore,* 166 Pac. 570.  See also 43 L. R. A. 185;

70 A. S. R. 693; 48 S. W. 609; 31 Atl. 370; 39 L. R. A. (N. S.) 745, note.

*James D. Thames,* for appellee.

Appellee relies on the following statutes to sustain his contentions in this case. Section 4633, Hemingway's Code; section 4641, Hemingway's Code.

I.　Appellant in this case was charged with notice and the testimony shows that she did know that the house was to be used as a lodging house and that her failure to comply with the statute was negligence *per se.　Burt* v. *Nichols,* 264 Mo. 1, L. R. A. 1917E 250.

II.　The failure to provide fire escapes by the appellant in this case, the basis of liability, made the delay on the part of the plaintiff in his effort to escape not as a matter of law, contributory negligence. *Love* v. *Fairview,* C. R. P. 1904, 10 B. C. 330, 37 A. L. R. 161.

III.　The statute makes the owner of the building liable and not the keeper or proprietor. *Yall* v. *Snow,* 201 Mo. 511, 10 L. R. A. (N. S.) 177, 9 Ann. Cas. 1161, 2 A. L. R. 801; *Louisville Trust Co.* v. *Morgan,* 180 Ky. 609, 7 A. L. R. 396; *Kohn* v. *Clark,* 236 Pa. 18; *Adams* v. *Cumberland Inn Co.,* 117 Tenn. 470.

IV.　The doctrine of the assumption of risks does not apply in this case, because there was no contractual relationship existing between appellee and appellant. *Burt* v. *Nichols, supra; Arnold* v. *National Starch Co.,* 194 N. Y. 42, 21 L. R. A. (N. S.) 178.

V.　The defense of assumption of risk is an affirmative defense and must be pleaded, which was not done in this case.

VI.   The failure to provide the fire escapes as defined by the statute was the proximate cause of the injury to appellee. *Hoopes* v. *Creighton* (Neb.), L. R. A. 1917C 1146; *Steiert* v. *Coulter*, 54 Ind. App. 643, 102 N. E. 113, 103 N. E. 117; *Cowen* v. *Storey & Piano Co.*, 170 Ill. App. 92; *Green* v. *L. Fish Furniture Co.*, 272 Ill. 148; *Lichenstein* v. *L. Fish Furniture Co.*, 272 Ill. 191; *Devinc* v. *L. Fish Furniture Co.*, 189 Ill. App. 136; *Kohn* v. *Clark*, 236 Pa. 18; *Maiorca* v. *Myers*, 115 N. Y. Sup. 923; *Gasper* v. *Myers*, 115 N. Y. Sup. 925.

ANDERSON, J., delivered the opinion of the court.

Appellee brought this action in the circuit court of Warren county against the appellant to recover damages for an injury suffered by appellee in escaping from a rooming house owned by appellant, which rooming house was on fire at the time, which injury to appellee was caused by appellant's alleged failure to provide the necessary fire escapes from such rooming house as required by law. At the conclusion of the evidence, at the request of the appellee, the court directed a verdict for appellee on the question of liability. The jury, under instruction from the court, passed on the question of damages, rendering a verdict in favor of appellee for two hundred fifty dollars. From that judgment, appellant prosecutes this appeal.

There was little, if any, material conflict in the evidence. The appellee was on February 14, 1925, and had been for some time prior thereto, a lodger in a rooming house owned by appellant in the city of Vicksburg, and on that date, about midnight, the building in which appellee was rooming, was partially destroyed by fire. Appellee occupied room No. 9, on the third floor of the building, which room was situated on the north side of the building and opened into a hallway that extended the full length of the building on the south side thereof. This room was about thirty feet south of the stairway that

descended from the third floor to the second floor of the building into another hall, which extended the full length of the building from east to west, on the south side thereof. There were a number of rooms situated on the north side of the building, with windows facing Clay street. At the east end of the hall on the second floor there was a stairway that descended from the second floor to the street, which stairway was the only means of ingress and egress between the building and the street. Appellee was awakened by the fire, hurriedly dressed and left his room, and descended the stairway from the third to the second floor, and went to the back stairway, which was enveloped in flames. Finding that he could not leave the building by the stairway, he entered the dining room on the second story, on the north side of the building, and dropped from a window about fourteen feet to a side·walk, which fall resulted in his injury.

The first floor of the building was used for a mercantile establishment. When the second and third floors were prepared for roomers, appellant had constructed at the end of the two halls, on the second and third floors, an iron ladder made of two-inch pipe, with rungs, which iron ladder was constructed with the approval of the chief of the fire department of the city of Vicksburg, who deemed the iron ladder a sufficient fire escape for the building. The building was less than one hundred fifty feet in length, being about eighty-five feet in length. For the purpose of escape from fire, the building was not provided with permanent iron balconies, and iron steps leading from one balcony to another, placed at the end of each hall, "in and above the second story." The iron pipe ladder provided lacked about thirteen and one-half feet of reaching the sidewalk below. Therefore persons descending by that means had to drop from the ladder to the sidewalk about thirteen and one-half feet.

Appellee's case is founded upon section 2266, Code of 1906 (section 4633, Hemingway's Code), which follows:

"Every hotel or lodging house over two stories in

height shall be provided with permanent iron balconies, with iron stairs leading from one balcony to the other, to be placed at the end of each hall in and above the second story in case the hotel or lodging house be over one hundred fifty feet in length, and in other cases such number of balconies with stairs as may be directed by the fire department or authority having control of the fire regulations of the city or town where the hotel or lodging house is located the balconies and iron stairs shall be constructed at the expense of the owner of the hotel or lodging house.''

It will be noted that the statute provides that every hotel or lodging house, over two stories in height, shall be provided with permanent iron balconies, with iron stairs leading from one balcony to another at the end of each hall in and above the second story, where the hotel or lodging house is over one hundred fifty feet in length; that in a hotel or lodging house less than that in length there shall be provided *"such number of balconies with stairs* as may be directed by the fire department or authorities having control of the fire regulations of the city or town where the hotel or lodging house is located.'' (Italics ours).

We think the statute means that, where the hotel or lodging house is one hundred fifty feet in length, or less, the number of balconies with stairs may be decreased with the approval of the fire department, but that, even though the number be decreased by approval of the fire department, they must be of the same character as required by the statute for hotels and lodging houses over one hundred fifty feet in length. In other words, the fire department is not authorized to change the character and structure of the fire escape, but only the number.

The undisputed evidence in the case shows that there was no such fire escape provided for appellant's building as required by the statute, and it also shows, without conflict, that, if there had been, appellee could have escaped from the building without injury. As we view the

case, it is simply one where appellant failed to comply with the statute, which failure logically resulted in appellee's injury. Certainly, under the statute, appellant owed the appellee the duty of complying therewith.

Appellant argues that appellee knew the condition of the building and the character of the fire escape provided, and by voluntarily taking a room in the building assumed the hazard of any injury he might suffer by reason of the fire escape statute not having been complied with. In other words, appellant's position is that appellee assumed the risk of appellant's negligence in failing to comply with the statute. We know of no such doctrine in this state. This court has held that, even between master and servant, the latter does not assume the risk of the master's negligence.

We see no reversible error in the case.

*Affirmed.*