### Turner v. Taylor's Adm'x.
### Same v. Sizemore's Adm'r.

(Decided Jan. 24, 1936.)

O. H. POLLARD and CRAFT & STANFILL for appellant.

JESSE MORGAN and C. S. LANDRUM for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The Combs Hotel, before its destruction by fire on December 15, 1928, was a five-story building located in Hazard, Ky., having been constructed by D. Y. Combs before his death which occurred in 1927. The first story was occupied by the hotel office, and business houses. Immediately above was a mezzanine floor, above it were the other stories of the building constructed for and devoted to hotel purposes, and which contained 121 rooms. D. Y. Combs, the owner and builder of it, became largely indebted mostly for that purpose, to A. H. Hargis and two banks, aggregating in all about $180,000. After the death of D. Y. Combs, his heirs undertook to and did operate the hotel, but in a manner productive of no profits. The creditors to whom the above debts were due, including A. H. Hargis, persuaded the widow and heirs to whom the property descended (D. Y. Combs having died intestate) to agree to the plan of bonding the property for the purpose of raising funds to pay such indebtedness and to execute a deed of trust upon it for the purpose of securing the bondholders, and that was done on January 16, 1928, with the Hargis Bank & Trust Company of Jackson, Ky., as trustee. The trust deed was accepted by the trustee through and by its president, A. H. Hargis, and it by the same officer, and as provided in the trust deed, installed a force of employees and officers to operate the hotel, which they did until the late summer or early fall of 1928, when they appear to have been superseded by the Combs heirs who again took charge of the management. On October 19 of that year by a court proceeding filed in the Perry circuit court by the trustee against them, their possession was ousted and the property was turned over to the trustee who, through its appointees and employees, managed and operated the hotel until its destruction by fire on December 15 the same year, and which occurred about 6:30 p. m. on that day.

Several persons within the hotel at the time of the fire lost their lives, and their personal representatives, who were later appointed, filed suits in the Perry circuit court against Hargis and the trustee to recover damages for the death of their respective decedents on the ground that they, as managers and operators of the hotel, were guilty of negligence in failing to comply with the provisions of sections 2059a-7 et seq. of the 1930 Edition of Carroll's Kentucky Statutes by

properly equipping the hotel with prescribed safety apparatus whereby an occurring fire might be extinguished and whereby occupants might make their escape with safety if one should occur. Among the latter is a provision contained in the statute for the construction of what is commonly understood as exterior "fire escapes" which the statute prescribes shall be constructed in a designated manner, and it was the failure to provide such fire escapes to which the evidence in the case was exclusively directed. The court made certain preliminary rulings in each of the cases whereby the trustee was released and the actions were dismissed as to it; but upon appeals taken to this court those judgments were reversed.

Some of the decedents whose administrators sought recovery were J. E. Pirtle and wife, who were guests of the hotel and occupied a room on the fifth floor, Finley Taylor, who occupied a room on the second floor, and Emma Jane Sizemore, who was a chamber maid with a room on the second floor. The facts as well as some of the defenses relied on in each of the cases, and our declarations of law as applicable to them, are stated in detail in our opinion in the case of Pirtle's Adm'x v. Hargis Bank & Trust Co. et al., 241 Ky. 455, 44 S. W. (2d) 541. Two of the other appeals were similarly disposed of following the opinion in that case in the two opinions of Taylor's Adm'x v. Hargis Bank & Trust Co., 241 Ky. 36, 44 S. W. (2d) 549, and Pirtle's Adm'r v. Hargis Bank & Trust Co., 243 Ky. 752, 49 S. W. (2d) 1002. The latter case sought recovery of damages for the death of Mrs. Pirtle, while the first one mentioned above [241 Ky. 455, 44 S. W. (2d) 541] was for the recovery of damages for the death of Mr. Pirtle. The Sizemore Case (being one of the instant ones) was not tried by the circuit court until after the rendition of our opinions in the other cases, supra. When the Taylor, Sizemore, and that by the administrator of Mrs. Pirtle cases were called for trial, following the filing of the mandates in all the cases, supra, the court, after trying the case for the death of Mr. Pirtle, consolidated the other three (for the death of Mrs. Pirtle, Taylor, and Miss Sizemore) over the objections and exceptions of defendant Hargis Bank & Trust Company (A. H. Hargis having declined to make defense and judgment by default having been taken against him), and they were tried together by the same jury, resulting in verdicts

for the plaintiffs in each case for the sum of $15,000. Defendants' motions for a new trial in each of them having been overruled, it prosecutes this appeal from the judgments in, the Sizemore and Taylor Cases only and they are heard together in this court.

Among the numerous defenses interposed by the trustee was one denying its liability because A. H. Hargis, its president, caused the trust deed to be executed and accepted without its knowledge or consent, and that he operated, the hotel thereunder in the same manner when it had no interest in any of the debts to be funded by the bonds secured by the trust deed, and that all of such actions on the part of Hargis were his individual ones and not binding on the named trustee of which he was president. That question was thoroughly considered and adversely disposed of in the 241 Ky. 455, 44 S. W. (2d) 541 case, supra, as is practically true as to all of the other defenses, except the ones that we will now take up, consider and determine.

Besides denying in the answers of the two cases under consideration (the Sizemore and Taylor ones), that the failure to comply with the statute was the proximate cause of the deaths of the two decedents, there were also pleas in each of them of contributory negligence on their part. The evidence disclosed uncontradictedly that there were no provided fire escapes, although spaces and places were left in the architectural arrangement of the hotel for them, to be installed. No other statutory violations were attempted to be proven, nor any violations thereof relied on by counsel for plaintiffs on this appeal save and except the failure to provide fire escapes. The evidence in each case did not attempt to prove any dangerous architectural defect in the construction or arrangement of the building, or any story thereof, whereby the escape of occupants in case of fire would be obstructed or in the least hindered or imperiled. Hallways and stairways were properly installed whereby both ingress and egress could easily and safely be made by one at all acquainted with the interior structure and who was not overtaken by the fire or overcome by fumes therefrom before discovery. The court, therefore, to the extent that it submitted in its instruction other alleged violations of the statute departed from the issues presented by the testimony, and to that extent the instruction was erroneous.

However, we have concluded that because of the undisputed testimony on the issues to follow, defendant's motion for a peremptory instruction in its favor made in each case should have been sustained, and that the court erred in overruling it.

The cause of action is bottomed only upon the violation of the statutes, supra, in connection with section 466 of the same Edition of the statutes, which gives a cause of action for the recovery of damages for injuries resulting from the violation of a statute. But neither of the statutes, nor any one within this jurisdiction, nor any declared principle of law by any court, take away from or deprive a defendant in any such action of the right to rely on the well-recognized and fundamentally established defenses to actions based on negligence, two of which are: (a) That notwithstanding the negligence of defendant, before he can be made liable therefor his negligence must be the proximate cause of the injury for which recovery is sought, and (b) that notwithstanding his negligence he is yet exonerated if the injured person's negligence contributed to his injury and but for which it would not have happened.

The case of Louisville Trust Co. v. Morgan's Adm'r, 180 Ky. 609, 203 S. W. 555, 559, 7 A. L. R. 396, was one to recover damages against the trustee defendant for violating the same statute that defendant is alleged to have violated in these two cases, whereby Morgan, as a guest in the hotel in that case, lost his life. There were also charges in that case of violations of a Louisville city ordinance and that Morgan was unfamiliar with the structure of the hotel so destroyed, and perhaps had never been in! it until the night of the fire. He and others were assigned rooms so located as to make it extremely difficult to find stairways or an elevator whereby escape might be made, and the opinion in that case characterizes the building occupied by Morgan as a veritable death trap because of the obstructive and difficult means of escaping from the occupied rooms due to the entangled architectural arrangement and which was contrary to the provisions of an ordinance of the city of Louisville in which the hotel was located, and which ordinance violations were also relied on in the petition as above stated as well as the failure to comply with our statutes, supra. It was

found, and so stated in that opinion, that Morgan and his companions could scarcely have reached a fire escape had one been provided, and for which reason it was not incumbent upon plaintiff therein to prove that the absence of fire escapes was the proximate cause of the death of his decedent.

We have in these cases, as we have seen, no such dangerous construction violating any general principle of law or in violation of any statute or ordinance whereby defendant was precluded from urging and relying on the defense that the deaths of Taylor and Miss Sizemore did not proximately result from the only failure of duty to which the proof was directed, i. e., that of neglecting to equip the Combs Hotel with statutory or other external fire escapes. In that state of case the Morgan opinion expressly recognized and emphasized the necessity of proving that the injury complained of proximately resulted from the alleged failure of duty, and cases from many jurisdictions are cited and quoted from in support of that proposition. It was also recognized in that opinion that the defense of contributory negligence on the part of the injured person, or on the part of one whose life was lost by reason of the fire, was available in such cases. On the question of the necessity of a showing of proximate cause, the Morgan opinion said, inter alia: "When, however, the complaining party has some means of escape from an impending danger that he could have availed himself of, or when the means of avoiding it is open to his choice, the negligence [of defendant] will not generally be regarded as the proximate cause of the injury in the absence of facts or circumstances showing the connection between the two. To illustrate, if the halls and doors in this building had been so arranged as to facilitate egress in case of fire, and it appeared that Morgan was unable to or failed to make his escape on account of fright, or confusion, or delay on his part, or because he was not awakened in time, or because of the rapidity with which the flames spread, or the smoke filling the halls, then we would have a case where the casual connection between the negligence and the injury was lacking."

Following language pointed out that there need not be express proof of the requisite proximity of result, yet when the testimony in the case uncontradictedly established that the charged failure was not the proxi-

mate cause of the result for which compensation is sought, then there would be a failure of proof to sustain plaintiff's cause of action and the jury should be so instructed. The principles of that opinion (but in other character of cases involving the same question) have been approved by this court many times in numerous cases, as was also done in the case of Turner v. Robenson, 199 Ky. 642, 251 S. W. 857, which was an action based upon the violation of the same statute and for the recovery of compensation for a similar loss. There can, therefore, be no doubt of defendant's right in these cases to rely on defenses (a) and (b), supra, and if either of them was established by the proof without contradiction, it should have been exonerated from liability by a directed verdict in its favor which it sought at the trial, but which, as we have seen, the court overruled.

With reference to the decedent, Taylor, the proof without contradiction showed that he had been a guest of the hotel at the time of the fire for as much as or more than five years. His room was on the second floor of the hotel building, just above a room on the ground floor occupied as a drug store. He had been drinking during that forenoon and perhaps for some days prior thereto and at about 2 o'clock p. m. he went to the dining room for lunch, but was so intoxicated that the waiter who brought him his meal had to feed him, and he was assisted from his chair at the table to the elevator by a porter and carried to his room. He was seen between 4:30 and 5 o'clock the same afternoon in a room on the third floor with two women, one of whom, or another woman, was later seen carrying him to his room some thirty or more minutes thereafter, and but a short time before the discovery of the fire he was seen sitting on the side of his bed. During all of this time he was considerably intoxicated. After the fire, his body was discovered on the floor of the drug store immediately under his room with a burned out space in the floor of his room through which the bed had fallen with his body on the wire mattress of his bed, thereby showing that he perhaps made no effort to escape from his room, resulting possibly from his intoxicated condition. The evidence likewise developed without contradicton that he would have had no trouble in escaping by means of a stairway near his room, and with the location of which he was thoroughly familiar, after the

discovery of the fire which originated in the rear of the hotel, if he had been in condition to have done so, and that the stairway at that time was a superior means of escape over that of an exterior fire escape if one had been installed. In other words, the testimony with reference to the loss of his life shows beyond per adventure of doubt that the absence of such a fire escape was not the proximate cause of his failure to make his exit from the hotel in safety.

The same character of proof (undisputed) established the fact that Miss Sizemore at the time the fire was discovered was in her room dressed and had put on her cloak to go out in the town, her duties for the day having been performed. Mrs. Nancy Miller occupied a room adjoining hers on the same floor, with her daughter who was about fourteen years of age, the latter of whom was expecting to go with Miss Sizemore and she was also in the Sizemore room at the time of the alarm. The three (Mrs. Miller, her daughter, and Miss Sizemore) started down the steps from the second floor and reached the mezzanine floor when Miss Sizemore's sister called to decedent and inquired if she had locked her room. She replied, "No," and started back up the steps. Mrs. Miller and her daughter importuned and warned her not to do so, but she did not heed and continued to retrace her steps while the Millers made their exit with perfect safety. A moment later the chief of the fire department discovered the decedent, Sizemore, at the top of the steps leading from the mezzanine to the second story and she was going back into the hotel towards her room. She was saying that she wanted to procure a dress from her room, but the witness then led her down the steps to the lobby of the hotel from thence to the pavement in front of the hotel and put her in possession of a Mr. Herndon, who was the editor of a paper published in Hazard. She immediately jerked loose from Herndon and ran back into the hotel, presumptively to go to her room and procure her dress. Her dead body was later found with pieces of her cloak that she had put on under it as were also pieces of the dress that she sought to rescue. Surely no greater demonstration could be made that the absence of exterior fire escapes did not contribute to her death, to say nothing about the contributory negligence on her part which the same evidence most thoroughly proved. Because of the conclusions so reached, it be-

comes unnecessary to consider, discuss, or determine any other questions raised, the most of which were settled in the Pirtle Case, supra, as reported in 241 Ky. 455, 44 S. W. (2d) 541.

Wherefore, the judgments in each of these appealed cases (Taylor and Sizemore) are reversed, with directions to sustain the motions for a new trial therein and set them aside and for proceedings consistent with this opinion.