# Petty's Adm'r v. Smith et al.

June 5, 1942.

G. D. Milliken and Bertram & Bertram for appellant.

Davis, Boehl, Viser & Marcus and J. G. Smith for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal is from a judgment entered on a verdict for the appellees, J. B. Smith and J. P. Smith, in an action against them by appellant for damages for the wrongful death of the decedent, Tilford Petty, who was burned to death in a fire which destroyed appellees' hotel in Albany, Kentucky. It is contended that error was committed in failing to sustain appellant's motion for a directed verdict because negligence of appellees in failing to comply with statutory safety requirements was admitted and, further, that the trial court was in error in giving a contributory negligence instruction because there was no evidence to justify it.

The deceased was a guest in appellees' hotel and occupied a room on the second floor. The fire broke out in the linen closet on the second floor at the head of the stairway which was the only exit. The linen closet was between the stairway and the room of the deceased. The appellee, J. B. Smith, ran upstairs and found the deceased and another guest, Zell Robinson, by the door of the linen closet in which the fire was burning. He opened the door and attempted to put out the fire by pouring water on it but, being unable to do so, closed the door

and called to the guests to get out. It clearly appears from the testimony of at least three witnesses that appellee, J. B. Smith, admonished the deceased to leave the hotel. From the testimony of two of these witnesses it is fairly apparent that the deceased, after being admonished to leave, started down the stairway behind the guest, Robinson, and another man but remarked that he had some valuable papers in his room and was going to get them. After the deceased went back up the stairway towards his room the fire burst out of the linen closet with an explosive effect and the flames spread very rapidly. After this J. P. Smith who was in the upstairs hall, managed to escape through the flames but was rather badly burned in doing so. None of the guests were thereafter able to escape except by jumping from upstairs windows. The body of the deceased, with his suitcase beside it, was found in the ruins at a point twenty to twenty-five feet from his room, a circumstance clearly indicating that after starting down the stairs he had returned to his room and gotten his suitcase.

It was stipulated that certain statutory safety requirements were not complied with. By reason of the facts thus stipulated appellees were guilty of negligence. Pirtle's Adm'x v. Hargis Bank & Trust Co., 241 Ky. 455, 44 S. W. (2d) 541. But this negligence imposed no liability on appellees unless it was the proximate cause of the decedent's death and, notwithstanding such negligence, recovery could be defeated by contributory negligence. Turner v. Sizemore's Adm'r, 262 Ky. 304, 90 S. W. (2d) 73. In the latter case a guest, against the protests of others, went back into a burning hotel to procure a dress in her room and was burned to death. It was held as a matter of law that she was guilty of contributory negligence.

While it is doubtful whether the evidence in the case before us was sufficient to warrant an adjudication of contributory negligence as a matter of law, it was clearly sufficient to justify a submission to the jury on that issue and support its affirmative finding. The evidence amply tended to establish that the deceased, after being warned to leave the burning building, started down the stairway and returned to his room for the purpose of securing personal effects. This evidence clearly justified a submission to the jury as to contributory negligence of the deceased. Appellant's counsel evidently so regarded

the evidence at the time of the trial since the bill of exceptions shows that the instructions, one of which was a contributory negligence instruction, were agreed to. Further, although it is now contended that the trial court was in error in refusing to sustain appellant's motion for a directed verdict, the record shows that no motion for a directed verdict was made by appellant—the only motion for a directed verdict was that of appellees' made at the conclusion of appellant's evidence and renewed at the close of all the evidence.

In any event, whether a request for a directed verdict was, or was not, essential, our conclusion is that appellant would not have been entitled to a directed verdict had motion therefor been seasonably made and that the evidence was sufficient to require a submission of contributory negligence to the jury.

Judgment affirmed.