168 So.2d 469 (1964)
Soud LEE, Plaintiff-Appellant,
v.
Charles W. CARWILE, Administrator of the Estate of Mrs. Belle Covington, Defendant-Appellee.
No. 1236.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
*470 Watson & Watson, by Sue C. Watson, Lake Charles, for plaintiff-appellant.
Hall, Raggio & Farrar, by J. L. Cox, Jr. Lake Charles, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
The plaintiff Lee appeals from dismissal of his suit. Lee was a roomer in a boardinghouse owned and operated by the late Mrs. Belle Covington. Lee sues to recover for personal injuries and property damage sustained by him in a fire of unknown *471 origin which destroyed this rooming house. The administrator of Mrs. Covington's estate is made defendant.
The plaintiff contends that the injuries sustained by him were caused or contributed to by Mrs. Covington's negligent failure to provide fire exits, fire extinguishers, and a fire alarm in her building as required by statute. In dismissing the suit, the trial court held that any negligent failure of Mrs. Covington in these regards was not a proximate cause of the plaintiff's injuries.
On appeal, the plaintiff-appellant contends that the trial court erred in absolving the landlady's estate of liability for her failure to provide the mandatory fire-safety precautions, and in holding that the evidence proves no causal connection between the plaintiff's injuries and the lack of these fire safeguards.[1]
At the time of the fire, the plaintiff was a roomer on the second floor of Mrs. Covington's boardinghouse. This was a two-story structure, with nine bedrooms on the second floor. The fire occurred in the early hours of the morning. It started at the rear of the premises and within a relatively short time had burned down the large rooming house. The plaintiff was awakened by shouting after the fire had made considerable progress, and his personal injuries were sustained when he jumped from his second-floor window.
The plaintiff contends that he would not have sustained these injuries if the premises had been furnished with certain fire-safety precautions, namely: (1) two adequate fire escapes, as required by LSA-R.S. 40:1580, 40:1585; (2) approved hand-operated fire extinguishers, as required by LSA-R.S. 40:1590; and, (3) a fire alarm system, as allegedly required by LSA-R.S. 50:1589.
As to the last, we shall state now that no showing was made that the statute required a fire alarm system for this particular building. However, no fire extinguishers at all were maintained in the building. Further, the exterior ladders provided as fire escapes did not comply with the statutory specifications, nor did the single interior stairway connecting the first and second floors satisfy the statutory specifications for an interior fire escape.[2]
In Moses v. Mosley, La.App. 3 Cir., 146 So.2d 263, 267, we summarized established jurisprudence to the following effect: "[W]here a statute is enacted to protect the class of persons in which the plaintiff is included against the type of loss or injury which in fact has been sustained, an unexcused violation of such a statute is `negligence per se,' and this negligence is actionable if it is a legal or proximate cause of the accident. * * * [Citations omitted]." The violation is a proximate cause of the plaintiff's injury if the risk or harm encountered by him fall within the scope of the statute's protection, and if such violation is a cause-in-fact of such injury. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298.
Our Supreme Court has noted, in discussing an earlier statute requiring fire escapes, *472 that the purpose of such an enactment "is to preserve the safety of persons from the dangers of fire and panic in certain buildings." Dotson v. Louisiana Central Lumber Co., 144 La. 78, 80 So. 205, 208. Based on the never-overruled holding and language in that case, plaintiff's counsel contends that the rule of decision applicable to the present facts is that:
"When a fire occurs in a building and damage to another results, violation of a statutory fire safety regulation by the owner or proprietor of the building is negligence per se. In such a case the burden of proof shifts from the plaintiff to the defendant, and the latter must show that the violation or violations was not a proximate cause of the damage to plaintiff."[3] (See also: Burt v. Nichols, 264 Mo. 1, 173 S.W. 681, L.R.A.1917E, 250 [1915].)
For present purposes, we will assume that this is a correct statement of the law applicable under the circumstances reflected by the present record. We will not discuss the defendant-appellee's contention that the Dotson ruling should be limited to its own particular facts: For even if the Dotson rule is held applicable herein, nevertheless we think that the preponderance of the evidence in this record proves, under the trial court's reasonable evaluation of the testimony, that the lack of fire escapes and fire extinguishers was not a cause-in-fact (or "proximate cause") of the injuries sustained by the present plaintiff.
Negligence is a cause-in-fact of the harm to another if it was a substantial factor in bringing about such harm; but if the harm would have occurred irrespective of the negligent conduct, then such negligence is not a substantial factor or cause-in-fact of the injuries sustained. Perkins v. Texas & N. O. Railway Co., 243 La. 829, 147 So.2d 646; Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., cited above.
The trial court held that, by the time the plaintiff awakened, the fire had progressed so far that he could not have reached the inadequate wood-ladder fire escapes provided at the front and rear of the building, whether or not such outside fire escapes had been inclined stairways with railing as required by statute. The trial court held that the landlady's violation of the statute requiring more adequate fire escapes was thus not a proximate cause (cause-in-fact) of the plaintiff's injuries, since the plaintiff would have been forced to jump from his room window whether or not the fire escapes at the ends of the hall had complied with the statutory specifications.
The trial court's factual evaluation of the evidence as so showing is based upon testimony to the following effect: The plaintiff Lee lived in the second room from the rear end of the long hall running from back to front of the ten-room second floor. When the shouting awakened him, he looked out his door. He saw flames along the hall to his left (toward the rear of the building) and heavy smoke in the hall to his right, between his room and the front of the building. Although he knew of the ladder-escape down from the front porch, he did not try to go to the front of the building and use it, but instead went and hung from his window, from which shortly he was forced to jump by the flames and smoke.
*473 Although the plaintiff stated several times that he would have gone to the front and climbed down from the front porch if a proper fire escape had been there instead of the ladder, we find no manifest error in the trial court's evaluation of the testimony as a whole as showing that the hallway was too filled with fire and smoke for the plaintiff to have been able to use this escape route by the time he discovered the fire. This finding is supported by the plaintiff's own admission to the court, "Your Honor, the way I seen, I couldn't have made it with all that smoke, so that's the reason I went back in the room", Tr. 74, as well as by the allegations of his petition that the flames forced him back into his room and forced him to jump to save his life, Tr. 7 (Art. 8). There are also other corroborating circumstances. For instance, a roomer who lived in the front corner of the second floor, nearer than the plaintiff to the front fire escape and further from the flames in the rear, was unable to escape by the hall, but had to climb out his window. Two other front roomers died in the blaze or as a result of the fire. Another roomer, from the rear room next to the plaintiff's, did successfully negotiate the smoke-filled hall and the escape down the front ladder; but he did so only with great difficulty and because his own windows were aflame, and, by the time he arrived at the ground floor, the plaintiff had also awakened and was hanging out the window.
Under the trial court's evaluation of the totality of the plaintiff Lee's testimony, we think that the defendant has proved by a preponderance of the evidence, i. e., to a legal or reasonable certainty, that, by the time the plaintiff Lee became aware of the fire, the hall was so filled with fire and smoke that he could not have reached and used the outside fire escape, irrespective of whether such escape complied with the statutory specifications.
To satisfy proof of causation by a preponderance of the evidence, the law requires only that the evidence as a whole show that it is more probable than not that the harm resulted from the tort. Perkins v. Texas & N. O. Railway Co., 243 La. 829, 147 So.2d 646[4]; see also Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395. See also: Edwards v. Shreveport Creosoting Co., 207 La. 699, 21 So.2d 878, 880: "`By a preponderance of evidence is meant simply evidence which is of greater weight, or more convincing, than that which is offered in opposition to it. * *'" Here, if the defendant has the burden of proving that there was no causal link between the landlady's negligence and the plaintiff's injuries, the evidence as a whole shows it to be more probable than not the fire had so far progressed when the plaintiff awakened, that he could have saved himself only by jumping from his window.
Thus, the accident and injuries would have occurred whether or not the landlady's fire escapes had met the statutory specifications.
"The issue of cause-in-fact can usually be answered by inquiring whether or not the accident would have occurred irrespective of defendant's wrongdoing." McDonald, Proximate Cause in Louisiana, 16 La. Law Rev. 391, 395 (1956). When the harm would have occurred irrespective of the defendant's negligence, such negligence is not a cause-in-fact of the harm. Perkins v. Texas & N. O. Railway Co., cited above; Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., cited above. Since the plaintiff's harm would have been sustained whether or not adequate fire escapes had been provided, the landlady's negligent failure in this regard was not a cause-in-fact of the plaintiff's harm resulting from the fire.
*474 It may be true, as the plaintiff-appellant contends, that, "when the negligence of the defendant greatly multiplies the chances of harm to plaintiff, and is of a character naturally leading to its occurrence, `the mere possibility that it might have happened without the negligence is not sufficient to break the chain of cause and effect between the negligence and the injury.'" Home Gas & Fuel Co. v. Mississippi Tank Co., 246 La. 625, 166 So.2d 252, 256. However, in the present case, the preponderance of the evidence proves that the plaintiff would have sustained his harm irrespective of the defendant's negligence. The causal connection between the negligence and the injury was thus not broken by a mere possibility.
"It is fundamental that negligence is not actionable unless it is a cause in fact of the harm for which recovery is sought." Perkins v. Texas & N. O. Railway Co., cited above, at 147 So.2d 648. To constitute actionable negligence justifying recovery, the violation of a statute requiring fire escapes must be a cause-in-fact of the injury sustained in a fire. Petty's Adm'r v. Smith, 291 Ky. 42, 163 S.W.2d 16 (1942); Jabour v. McKnight, 145 Miss. 835, 111 So. 370 (1927); Louisville Trust Co. v. Morgan, 180 Ky. 609, 203 S.W. 555, 7 A.L.R. 396 (1918); Radley v. Knepfly, 104 Tex. 130, 135 S.W. 111 (1911); Weeks v. McNulty, 101 Tenn. 495, 48 S.W. 809, 43 L. R.A. 185 (1898).
For these reasons, the trial court held correctly, in our opinion, that the plaintiff Lee's injuries were not causally connected with his landlady's negligence in failing to maintain more adequate fire escapes, and that he was not entitled to recover for her default in such regard.
For the same reasons, we think, neither was the landlady's failure to have a hand fire extinguisher or so on her premises, LSA-R.S. 40:1590, a proximate cause of the plaintiff's injuries. The fire was completely out of control at the time he awakened, and the hallway so filled with smoke as to be impassable, whether or not a hand fire extinguisher had been available to the plaintiff and the other roomers when they awakened and became aware of the fire.
We must confess, however, that initially we thought that, by its decision in the above-cited Dotson case, the Supreme Court might have intended to require a defendant who failed to furnish statutory fire-safety devices, to exculpate himself from liability by a greater degree of proof than merely by the preponderance of the evidence that his failure did not cause the injuries. For the Supreme Court stated that such a defendant had the burden of showing "beyond doubt and with reasonable certainty" that its negligent failure was not a proximate cause of the injuries. 80 So.2d 209 (quoted in full in Footnote 3 above).
However, ordinarily "it is not required that civil cases be proved beyond a reasonable doubt but only by the preponderance of the evidence." Webber v. Wofford-Brindley Lbr. Co., La.App., 1 Cir., 113 So.2d 23. As shown by recent decisions of our Supreme Court in Perkins and Naquin, cited above, proof to a reasonable certainty or by a preponderance of the evidence means only proof that it is more probable than not.
If the defendant were required to produce proof "beyond doubt", such a standard of proof would have the effect of imposing absolute liability upon the premise-owner, whether or not his violation of fire-safety regulations had any causal connection with the injured person's harm. Since such would be contrary to the general principle of tort law that, to be actionable, a defendant's wrong must be the cause-in-fact (proximate cause) of the injuries for which recovery is sought, we do not believe that, in the context of the entire holding in Dotson, the court intended by the cited language to hold a premise-owner to a greater burden than to prove by a preponderance *475 of the evidence that his violation of the fire-safety statute did not cause or contribute to the damages of others sustained as a result of the fire. The present defendant met this burden.
Finally, the plaintiff-appellant's very able counsel makes an additional also-forceful contention. Since the landlady had not furnished adequate fire escapes as required by statute, counsel argues that it should not be assumed that statutorily-adequate fire escapes would have been as inaccessible to the plaintiff as were the present inadequate ladders at the ends of the hall. It is argued that, since the burden was on the defendant to prove the absence of statutory fire escapes did not proximately cause the plaintiff's injuries, this burden is not met by assuming that, if adequate fire esscapes had been provided, they would have been so placed that the plaintiff could not have used them at the time he discovered the fire in the premises. It is suggested, for instance, that undoubtedly if the present interior stairway had been fire-walled and fire-resistant as statutorily required for interior fire exits, then the plaintiff could have easily reached this inside stairway across from his room and escaped after he discovered the fire, without being forced to jump from his window and to sustain the injuries he did. It is contended that it is as appropriate to hold that the plaintiff's injuries did result from the failure to have this inside stairway comply with statutory fire exit requirements, as it is to hold that such injuries were not a consequence of the lack of adequate outside fire exits.
However, the interior stairway in the rooming house was only the single means of access between the first and second floors. It was not intended to serve as a means of egress "in case of fire or panic", LSA-R.S. 40:1585, within the meaning of the fire-safety statute in question. On the other hand, the outside fire-ladders were specially constructed to serve as emergency fire exits from the second floor.
In the present instance, thus, the premise-owner had provided outside emergency fire escapes in attempted compliance with her fire-safety duty in this regard. Such fire escapes were properly situated in accordance with statutory specifications; even though they were not constructed in accordance therewith. The present landlady therefore did not breach any duty with regard to the fire escapes' location for which she can be held liable. Her actionable negligence consisted only of failure to have the fire escapes properly inclined and with hand-railings, etc. It is only for the injuries proximately caused by such negligence that recovery may be allowed.
When improperly-constructed fire exits do not comply with the statutory specifications, no greater duty should be imposed upon the owner of the premises than to prove that his failure to comply with the statutory specifications did not cause or contribute to the fire injuries; for this is the only duty breached by him and the only negligence of which he is guilty. When the fire escapes (albeit improperly-constructed) are located in accordance with statutory requirements, the owner should not be held liable because the fire injuries might have been avoided if the owner had so situated the fire escapes as to provide a means of access to the particular person injured in the particular fire which has already occurred; for, in regard to the location of fire escapes, the owner's duty to the injured person was only to provide them in adequate number and distances as required by statute, not to provide them instead or also at other locations which, in hindsight after a particular fire, might have avoided its unfortunate consequences.
The present is not a situation where, as in Dotson, no attempt at all had been made to provide additional fire exits as required by statute, or where such fire exits as were provided were not properly spaced or located as required by statute. For then, after the fire, perhaps the owner should not be permitted to exculpate himself from his failure to provide statutory fire-safeguards, *476 by his locating these non-existent fire escapes at places most advantageous to himself with regard to the particular fire which has already occurred. In the case before us, however, properly-located fire escapes were provided in the number required by statute; thus, the owner is not being permitted after the fire to exculpate himself from liability in such manner.
In summary, we think the trial court did not commit error in holding that the defendant's decedent's negligence was not a proximate cause of the plaintiff's injuries. We therefore affirm the trial court judgment dismissing the plaintiff's suit, at the cost of the plaintiff-appellant.
Affirmed.
NOTES
[1] Other issues have passed out of the case. The plaintiff does not complain of the trial court's ruling that, under the evidence, res ipsa loquitur does not apply as to the possible cause of the fire; nor of its holding that defective wiring or other premise defects did not cause or contribute to the fire itself.
[2] The statutory specifications for exterior stairways provided as fire exits included, for instance; that they must have an angle of not over 60 degrees with the ground, that they must have handrails, that they should provide a means of exit to the roof as well as to the ground, etc. LSA-R.S. 40:1585, subd. A. The statutory specifications for interior stairways provided as fire exits included, for instance: that the stairways be fully enclosed in fire partitions with fire doors of a minimum of one-hour fire resistance, that they lead directly from the upper floor to the street, etc. LSA-R.S. 40:1585, subd. B.
[3] See 80 So. 209: "But we must assume that the proximate cause of Dotson's death was the negligence of defendant in not providing him with the means of saving himself by fire escapes as required by the provisions of the act of 1914. Defendant might contend that, even if there had been fire escapes, Dotson would have lost his life. That may be true, but its negligence in not erecting the fire escapes, as required by law, imposed upon it the burden of showing beyond doubt and with reasonable certainty, which it has failed to do, that the proximate cause of Dotson's death was other than its negligence in not performing that duty. We therefore conclude that defendant is liable in damages for the death of Dotson."
[4] See 147 So.2d 648: "Recognizing that the fact of causation is not susceptible of proof to a mathematical certainty, the law requires only that the evidence show that it is more probable than not that the harm was caused by the tortious conduct of the defendant."