DOMENGEAUX, Judge
(dissenting).
Under the facts of this case it can hardly be said that the plaintiff Railroad Company would not be responsible in damages to a nonnegligent third-party who might have been injured as a result of the derailment, irrespective of the company’s “locked switch” regulation or the reason that the company advances for the enactment of the rule. It is evident that the switches were to be kept locked to prevent unauthorized persons from tampering with them and to keep vibrations from opening them, not only to prevent injury to company employees and damage to company property, but also to prevent injury or property damage to anyone, passengers, invitees, licensees, trespassers or whomsoever — thereby protecting the Company from exposure for fault.
The record shows that the plaintiff was fully informed of the frequent use of its tracks by children as a walkway and hunting area and made no objection thereto. It is common knowledge of which we can take judicial cognizance that although hobos, tramps, etc., walk the tracks and frequent areas where switches are situated little if anything is done about it by the railroad companies. This plaintiff knew or should have known of the relative ease of pulling an unlocked switch and the possi *159 bility that someone might do so — inadvertently, accidentally, impulsively, mischievously or illegally. Certainly such a possibility is readily foreseeable and its occurrence would very likely result in a derailment such as we have here. I am therefore convinced that the plaintiff was negligent in permitting this switch to be unlocked.
The majority opinion seems to relieve the plaintiff company from negligence on the basis that it owed no legal duty to the boys to keep the switch locked. Under the facts of this case and the rationale of Builliard v. N. O. Terminal Co., La.App., 166 So. 640, (reversed on other grounds), I cannot agree. Even though the boy or boys were negligent in this case, the “duty” approach is not significant in view of the fact that this is a question of contributory negligence and the duty approach is not applicable to such situations. See Prosser on Torts § 51. The obvious negligence of the Company (through its employee or employees) in leaving such a potentially dangerous instrument unlocked constitutes contributory negligence which is a proximate cause of the accident and should certainly bar its recovery. That the plaintiff’s negligence was a proximate cause of the accident can hardly be doubted in view of the myriad cases which, hold a cause which is a substantial factor in producing an accident to be a cause in fact or proximate cause of the accident. Dixie Drive It Yourself Sys. New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298; Harvey v. Great American Indemnity Company, La.App., 110 So.2d 595; Lee v. Carwile, La.App., 168 So.2d 469; Landry v. Yarbrough, La.App., 199 So.2d 377.
For the foregoing reasons I am of the opinion that plaintiff is guilty of contributory negligence proximating the accident which should bar them from recovery herein and, therefore, I respectfully dissent.
Rehearing denied.
Domengeaux, J., is of the opinion the rehearing should be granted.