STOULIG, Judge.
Plaintiff, Seymour Ferina, brought this suit against United Paper Company to recover for damages to his restaurant, which were the result of a fire allegedly caused by the negligence of one of the defendant’s employees. From a lower court judgment holding that he had failed to prove his case by a preponderance of the evidence, plaintiff has lodged this devolutive appeal.
Ferina’s restaurant, owned and operated by Seymour Ferina on North Car-rollton Avenue in New Orleans, was heavily damaged by fire early on the morning of June 11, 1966. An investigation by the New Orleans Fire Department indicated that the blaze had begun in a small storeroom in the rear of the restaurant. It is plaintiff’s contention that the defendant’s employee, who had delivered an order of napkins to the restaurant the day before the fire, was negligent in placing a carton of the napkins too close to the hot water heater located in the storeroom and in carelessly knocking off the door of that heater. This action allegedly caused the carton to overheat and ultimately to burst into flames, thus setting the restaurant on fire.
*543 A careful review of the evidence and testimony contained in the record convinces us that the trial court was correct in finding that plaintiff had failed to carry the burden of proof necessary to sustain his claim. Neither the negligence of the defendant’s agent nor the causal connection between his alleged acts and the occurrence of the fire was established. There is nothing in the record which shows that the defendant’s truck driver, Clarence Car-dova, actually placed the napkins in the storeroom, which act he, in fact, categorically denies. Ferina maintains that Cardo-va did store the cartons according to his instructions. However, he could not state this of his own personal knowledge. The following testimony by Mr. Ferina substantiates this fact:
“Q Do you know of your own knowledge where this man put the boxes?
A Positively not. The only knowledge that I have was the morning that I found, or the afternoon that I found the door to the hot water heater under the case of napkins that were burnt.”
Nor could Ferina produce any witnesses who had seen Cardova place the napkins in the storeroom, or, more importantly, next to the hot water heater. (Cardova testified that he placed the cartons of napkins in the kitchen.) Without more convincing evidence, we must consider this claim unsubstantiated.
Plaintiff further theorized that because he reprimanded Cardova for being late with the delivery, the driver had angrily knocked the carton against the hot water heater causing the pilot door to fall off, thus exposing the open flame. Yet, no evidence, whatsoever, was offered in support of this theory. Under these circumstances, the evidence simply is not sufficient to preponderate in favor of the version of events submitted by Ferina.
Nor has plaintiff succeeded in convincing this court that the weight of the evidence supports his theory of the cause of the fire. He produced a number of witnesses upon trial, who testified that they observed what appeared to be the charred remains of a carton of paper napkins burned triangularly, from the bottom up, only inches from the hot water heater. Under this box lay the pilot light door. Although no positive identification of the box was possible, due to its having burned, the evidence is sufficient to make it certainly more likely than not that it was, indeed, a United Paper Company carton. However, proof offered on the cause of the fire is less convincing.
Plaintiff’s expert witness, David Fon-taine, Jr., Director of Fire Prevention, City of New Orleans, stated that it was his conclusion that the fire had begun in the rear storeroom and that the low point of the fire was at the base of the hot water heater. He also felt that the cartons were the contributing factor to the fire, but, significantly, qualified this by stating, “However, this is something we have never really established.” And upon cross-examination he conceded that the boxes could have been on the other side of the storeroom and floated in the water which firemen had poured into the building to the point beside the water heater. He also stated that the pressure from the fire hoses was more than sufficient to have knocked the door off the water heater. Mr. Fon-taine further noted upon cross-examination the possibility that a lighted cigarette or match dropped during the day could have caused the boxes to burn, but implied that because the room was completely consumed such a determination was impossible. On the crucial point of whether or not the flame from the hot water heater had set the boxes afire the most counsel for plaintiff could elicit from Mr. Fontaine was the statement that the hot water heater could have generated enough heat to ignite the napkins eventually. At no point in his testimony did he state that in his opinion this was the cause of the fire.
*544 On the other hand, B. Z. Segall, called as a witness by defendant and accepted by the court as an expert on fires, stated that the surface heat of the tank would not be sufficient to have ignited this cardboard box containing the napkins. And, more importantly, Mr. Segall denied that the heat from the burner of the hot water heater would spread through an open vent door and ignite a cardboard box placed next to it. The following pertinent testimony by Mr. Segall appears in the record:
“Q Now, assuming paper cartons are placed in a place right there where there would be a pilot door of a hot water heater, or placed right up against that, wouldn’t the heat from that 5000 BTU, or rather 5000 degrees Farenheit [sic], would that spread to that box ?
A No, sir. Your temperature drops very rapidly once you get away from the flame itself. In fact, from my own personal experience I know that you can open up the vent doors on a lot of these heaters and you can put your hand in there. For example, many times it’s necessary to go ahead while a heater is still lit and the heater itself burns, you go ahead and take your thermostat and set up your thermostat. You can open up that door and put your hand in there and turn up the thermostat.
Q While the burners are burning?
A Absolutely. In fact, you can open up the door of many of these heaters and put your hand right there in front of the door and hold it there for almost any length of time. That’s common experience. You can try that on your own hot water heater if you want to. I don’t say that you can go and extend it in there, but I will say right by the door you can put your hand right in front.
Q And it would build up ?
A No, sir, the drop of the temperature is very, very rapid.”
In light of this testimony, and that previously noted, we are compelled to conclude that the plaintiff has failed to prove his case by a preponderance of the evidence. Responsibility for the very substantial damage to Ferina’s Restaurant will not be placed upon the defendant United Paper Company in the absence of more convincing evidence.
Plaintiff strenuously argues that in denying his claim the lower court imposed a higher standard of proof on the issue of causal connection than the law requires. In support of this claim he cites numerous opinions by the courts of this state which, in effect, hold that causation may be proved by circumstantial evidence and that such proof need not be conclusive, but must only show that it is more probable than not that the harm resulted from the tort complained of. Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963); Perkins v. Texas & New Orleans Railroad Company, 243 La. 829, 147 So.2d 646 (1962); Lee v. Carwile, 168 So.2d 469 (La.App. 3d Cir. 1964) ; Mosely v. Sears, Roebuck & Company, 167 So.2d 408 (La.App. 1st Cir. 1964). We are fully cognizant of these cases and are in complete accord with their holdings. However, we do not feel that their application to the factual situation before this court requires a judgment favorable to the plaintiff. While it is true that a petitioner need not negate all other possible causes of the harm complained of in order to recover, and that he is not obliged to prove his case to a mathematical certainty, he must, nevertheless, offer more than a mere possible explanation for his damage in order to be compensated for his loss. He must show by a preponderance of the evidence that the defendant is guilty of tor-tious conduct and, further, that it is more probable than not that the damage he suffered was the result of that conduct. It is the opinion of this court that he has failed in both respects. Although the case pre *545 sented by Mr. Ferina opened the possibility that the defendant was indeed negligent and, further, that this negligence was the cause of his loss, it falls short of the requisite legal proof necessary to place the burden on the defendant of making whole that loss.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.