BAILES, Judge.
Plaintiff, alleging that he is the holder for value, sues the defendant on a certain promissory note in the amount of $5,350, together with eight per cent (8%) per annum interest from September 7, 1965, and twenty five per cent (25%) on both principal and interest as attorney’s fees. Plaintiff alleged the note was made payable to the order of Ace Bonding Service and is dated May 21, 1965. In his answer, defendant alleged that he signed the note in blank, and that the note was given without any consideration whatever.
After trial on the merits, the judge a quo rendered judgment denying the demands of the plaintiff, at his costs. From this judgment, the plaintiff has appealed. Our review of the record convinces us that the trial judge was correct and the judgment is affirmed.
This appeal presents us solely with a determination of facts. The ultimate question of fact to determine is whether plaintiff loaned defendant the sum of $5,350 in cash money which plaintiff contends he loaned defendant on May 21, 1965.
The plaintiff is a used car dealer and a bail bondsman. The latter business he conducts in the name of Ace Bonding Service. Defendant is a negro man with a lengthy criminal record, who at the time of the trial in the district court was serving a sentence in the Louisiana State Penitentiary at Angola for the crime of burglary.
The record shows that for the past several years the plaintiff had, from time to time, acted as surety on the defendant’s bail bonds, and certainly on prior occasions he was surety on a $350 and $400 bail bonds, *322 and on May 21, 1965, he was surety on a $5,000 bail bond. On this latter occasion, after securing the release of defendant from jail, plaintiff and defendant appeared at a notary Public’s office in Houma for the purpose of defendant executing a $500 note in favor of plaintiff or Ace Bonding Service. This amount represented the customary fee or bond premium which plaintiff charged of ten per cent of the amount of the bond. Defendant, in order to secure the payment of the $500 note, executed a mortgage on certain immovable property he owned in Houma. This property apparently had a value of about $18,000 at that time.
The plaintiff claims, and so testified, that he had been in conversation with, the defendant about purchasing the immovable property on which the $500 securing mortgage was granted; that after the completion of the $500 transaction, he and defendant further discussed the proposed sale and purchase of the property, and that defendant agreed to sell him the property the next day. According to plaintiff, defendant desired to have an advance of the purchase price that same afternoon of May 21, 1965, and that he did loan the defendant the sum of $5,350 which he counted out to him in currency. Plaintiff testified that it was on this very occasion and at this time that defendant executed the note herein sued on for the sum of $5,350. Plaintiff offered the testimony of John J. Ledet, Charles Tanner and John Aycock, as well as that of his son, Robert Rembert to verify and substantiate the occurrence of the transaction as related above; however, this testimony failed to impress the trial judge, and we, too, are not persuaded by it.
The defendant testified that plaintiff secured his release from jail on a $350 bond in January, 1966, and on that occasion plaintiff had him sign a paper and he identified the note as the paper he signed at that time. In his testimony, he denies that he had any conversation whatever with plaintiff relating to a sale of his property to plaintiff.
The documentary evidence in the record militates against the plaintiff. The record reflects that on May 21, 1965, plaintiff executed a bail bond for defendant in the amount of $5,000, for the offense of simple burglary and the return date on the bond was September 7, 1965. It was on this occasion that the $500 note was given plaintiff and defendant executed the securing mortgage. On January 13, 1966, plaintiff again was surety on a bail bond for defendant in the amount of $350. On September 7, 1965, defendant appeared 'in court for arraignment. He pleaded not guilty and his trial was fixed for January 26, 1966. On this date, defendant failed to appear for trial and the $5,000 bond was forfeited which plaintiff had signed. The minutes of the district court of January 26, 1966, shows the following:
“The accused, Albert Edward Bonvillain, was called and failed to appear to his name.
“Whereupon, on motion of the District Attorney, the Court ordered that the Bond of the accused be forfeited and that a Bench Warrant be issued for the accused, all in the presence of the Bondsman of the accused, Mr. B. A. Rembert.”
On this same date, January 26, 1966, plaintiff filed this suit against the defendant for the collection of the subject promissory note.
We believe comment on the appearance of the promissory note is pertinent to the issue. In the upper left corner of the note there appears a printed dollar sign followed by a blank line. On this note is found the figures 5,350 with first figure 5 super-imposed over the printed dollar sign, and to the left of the said figure 5 is a handwritten dollar sign. On the upper right corner are the printed words Houma, La., followed by a blank line and the figures 19 and in handwriting the following 5/21 (19) 65. In the body of the note the words On Demand and I are in a different colored ink than the balance of the note. The note has the *323 name of the payee printed, and the note provides “with interest after Sept. 7, 1965 at the rate of 8 per cent per annum, etc.”
This appears significant to us. On May 21, 1965, plaintiff required defendant to execute a promissory note secured by mortgage on immovable property, for payment of a $500 bail bond fee or premium; however, according to plaintiff’s testimony, he was willing to lend defendant, a person with a criminal record, the sum of $5,350 on an unsecured note. The return date of the $5,000 bail bond was September 7, 1965, the identical date the note sued on was to begin to bear interest. Defendant was to appear and the bail bond was forfeited, and it was on this same date that plaintiff filed this suit against defendant for collection of the subject note.
While the trial judge did not assign written reasons for rendering judgment in favor of defendant, it is obvious that hfe did not believe the plaintiff and his witnesses, and that he found that the note was without consideration.
In Fairman v. Robert (La.App. 1965) 181 So.2d 459, this court held:
“[4] It is a fundamental rule of appellate review that a factual determination of a trial court will not be disturbed on appeal in the absence of manifest error. Thomas v. Morgan City Canning Co., La.App., 69 So.2d 548; Bickham Motors, Inc. v. Bickham, La.App., 104 So.2d 442. The rule is of special application when the testimony is conflicting and the trial court must evaluate the credibility of witnesses in determining wherein lies the truth. Fabre v. Grain Dealers Mutual Insurance Co., La.App., 99 So.2d 380; Hebert v. Chargois, La.App., 106 So.2d 15. * * *.”
We find no error on the part of the trial court, and accordingly, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.