218 So.2d 404 (1969)
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Plaintiff-Appellee,
v.
ROY COOK & SONS, INC., Defendants-Appellants.
No. 11136.
Court of Appeal of Louisiana, Second Circuit.
January 7, 1969.
Rehearing Denied February 5, 1969.
*405 Simon, Carroll, Fitzgerald & Fraser, Shreveport, for defendants-appellants.
Tucker, Martin, Holder, Jeter & Jackson, Shreveport, for plaintiff-appellee.
Before GLADNEY, DIXON and PRICE, JJ.
GLADNEY, Judge.
This action in tort was brought by Southern Bell Telephone & Telegraph Company against Roy Cook & Sons, Inc. to recover the cost of repairing a telephone cable allegedly damaged by dirt-moving equipment of the defendant. The latter has appealed from an adverse judgment.
Pursuant to statutory authority Southern Bell in 1956 located a subsurface telephone cable within the right of way of Aline Street, a dedicated street 40 feet *406 in width lying between Lots 149-151 and 169-171 of the Jones-Mabry Subdivision Unit No. 2 of Caddo Parish, Louisiana. Aline Street runs east and west and is intersected by Northside Road. The latter is a hard-surfaced road and Aline Street is also hard-surfaced and improved but only west of its intersection with Northside. None of the area to the east of Northside Road had been developed at the time the cable was damaged on November 18, 1966. The locus of the accident was approximately 62 feet east of the intersection above mentioned and within the right of way of Aline Street.
For a number of years Hersey D. Wilson had authorized the removal of dirt from the above described lots in order to make the property more suitable for development. Prior to November 18 most of the available dirt had been removed from the south side of the property from an area referred to as "the big pit". A large amount of dirt had been indiscriminately excavated from the property; some by unauthorized persons. The defendant, represented by Roy Cook, had contracted with Wilson for dirt and the latter had instructed him to take it only from the north portion of the property where the "small pit" was located. When the cable was damaged, Robert Jarvis, a bulldozer operator in the employ of Cook, was engaged in leveling a roadway to be used by defendant's trucks in obtaining and removing the dirt from the property. In making arrangements with Wilson, Cook was advised about the buried cable, the general direction in which it ran and his attention called to one of the warning signs placed by the telephone company some 300 feet east of the intersection of Aline Street and Northside. Wilson also told Cook about an accident which had occurred on August 25, 1966 when the cable was cut by another contractor after which it was repaired and relocated.
Plaintiffs' employees testified that following the August accident the cable was buried to a depth of approximately four feet and that four warning signs were placed in the vicinity. The testimony indicates that three of these signs, approximately 20 inches by 14 inches each, were mounted approximately 4 feet above the ground on iron posts sunk two feet into the ground. The signs carry the words "Warning Buried Cable" and telephone numbers to call if assistance should be needed to locate the cable. Although the evidence is conflicting as to whether all of these signs were in place on November 18, Roy Cook admits that his attention was called to one sign located 300 feet east of the intersection. Cook testified that he did not advise any of his employees of the existence of the cable. Cook's explanation was that he was of the opinion the cable was located near "the big pit" and he had no reason to suspect the cable would be located in the vicinity where he would excavate.
The defendant admits the cable was damaged by its employees and the correctness of the cost of the repairs. Its defense rests upon the ground that it was not negligent because of the failure of plaintiff to bury its cable at a sufficient depth below the surface and to provide adequate warning signs. Although employees of the telephone company testified the cable had been placed at a depth of approximately 4 feet below the surface, Jarvis, the bulldozer operator for Cook, testified that the part of the cable which was damaged was only approximately six inches below the surface. The evidence is void as to excavations over the cable which may have left it closer to the surface. Jarvis, however, was engaged in leveling the road which would indicate that holes had been left from previous operations. Roy Cook was without authority to conduct operations within the dedicated right of way of Aline Street. We hold, therefore, that plaintiff was not negligent in the construction and location of its cable.
*407 We likewise find plaintiff should not be held negligent for failure to place and maintain proper warning signs. Under the circumstances it was the positive duty of Cook, before undertaking any excavation within the right of way of Aline Street, to inform himself as to whether telephone cables or other conduits of public utilities were below the ground to the end that he might avoid damaging such property. His obligation is as stated in Illinois Bell Telephone Co. v. Chas. Ind. Co., 3 Ill.App.2d 258, 121 N.E.2d 600, 604 (1954) wherein the court cited and quoted the earlier case of Frontier Telephone Co. v. Hepp, 66 Misc. 265, 121 N.Y.S. 460, 463, as follows:
"* * * `The question is thus presented whether it was the duty of the plaintiff to inform the defendant of the location of its conduits or cables, or whether the law imposed the duty of ascertaining their location on the defendant. * * * We are, * * * of the opinion that when one like the defendant uses the public streets of a city for his own private purposes, and goes beneath the street surface by excavation or otherwise, the duty rests upon him to fully inform himself as to what lies below, so that he may avoid injury to the property of the city or others rightfully there. The streets of a modern city are so underlaid with pipes and conduits of various kinds necessary to the comfort and welfare of its citizens that one may be required to almost take judicial notice that in digging he may encounter some such pipe or conduit at any point in the street. We have sewers and water pipes, mains and laterals, steam heating pipes, gas pipes, electric lighting and power lines, telephone and telegraph wires and cables, and all with their necessary branches and connections for service to the abutting owners. When, therefore, one proposes using the public streets for his private purpose, and proposes driving iron spuds or stakes below the surface, ordinary prudence and care dictate that he should inform himself of what lies beneath, so as to avoid injury to public property, or the property of public service corporations. If he fails to do this, he drives his stakes or makes his excavations at his peril. * * *'"
[121 N.E.2d 600, 604 (1954)]
Although the evidence indicates that at least two of the signs may have been removed or at least were not present on the morning of November 18, Roy Cook was advised of the existence of the sign about 300 feet east from the scene of the accident; therefore, a sufficient warning sign was present. He knew there was a subsurface cable running east and west on Aline Street and had been told of a previous accident wherein the cable had been cut. Thus, it is our conclusion he was sufficiently placed on notice to thoroughly check and determine whether or not his bulldozer would come in contact with a subsurface cable. He must be held responsible for failing to so warn or advise his employee Jarvis.
It is a well settled principle that the trial judge's findings on questions of fact, and particularly questions involving credibility of witnesses who testify before him are entitled to great weight on appeal and will not be disturbed unless clearly erroneous. Barlotta v. Walker, 223 La. 157, 65 So.2d 122 (1953); Fairman v. Robert, La.App., 181 So.2d 459 (1st Cir. 1965); United Public Insurance Company v. Levy, La.App., 154 So.2d 80 (4th Cir. 1963). Even when the trial judge makes no written findings of fact the resolution of conflicting testimony is necessarily made in rendering judgment and the presumption of correctness applies with equal force. Rembert v. Bonvillain, La.App., 202 So.2d 320, 323 (1st Cir. 1967); Dupuy v. Iowa Mutual Insurance Company, La. App., 113 So.2d 830, 832 (1st Cir. 1959); Fruge v. White, La.App., 125 So.2d 426, 427-428 (3rd Cir. 1960).
*408 The judgment is affirmed at appellants' cost.
DIXON, Judge (dissenting).
I must respectfully dissent. The plaintiff seeks damages for a break in a telephone cable which was located in a dedicated, unopened, and unimproved road lying at the edge of a subdivision of the City of Shreveport. The defendant, a road building contractor, had purchased dirt from a "pit" lying adjacent to or near the dedicated right-of-way of Aline Street. The plaintiff's cable was broken as the defendant's operator backed his bulldozer down the right-of-way, the bulldozer blade having snagged a sleeve around the telephone cable. The bulldozer was not excavating within the right-of-way, but was attempting to knock down some lumps or humps of dirt that lay in this public street to enable defendant's trucks to pass between the improved portion of the street and the site at which defendant's machinery was excavating dirt to be used in another place.
Since this was a public road or street, properly dedicated to public use, the defendant's employees had a right to be where they were. There is nothing in law or common sense to prohibit their activity in knocking down lumps or humps of dirt to make the street passable for vehicles. This is the function of a road and the object of a dedication.
There is no evidence in the record to indicate that the location of the broken cable was marked at the point where defendant's bulldozer damaged it. There was evidence that signs had at one time been placed nearby; there was a sign about 300 feet away from the place where the cable was damaged, warning that there was an underground cable at that point. The landowner from whom the defendant had purchased the dirt had pointed out the location of the cable in another area, but not within the dedicated street where the damage occurred.
There is no evidence in the record that the telephone cable was more than six inches below the surface of the street at the point where it was struck by the bulldozer blade.
The only negligence upon which plaintiff bases its suit is that Cook was aware that a telephone cable was located in the area where he intended to work, and that he failed to call the telephone company and request that a representative be sent to point out the route and the depth of the cable. It is questionable whether the presence of a representative of the telephone company would have prevented the accident. The telephone company employees testified that the cable was buried four to five feet deep in this vicinity. Conceding that Cook's employee knew or should have known that he would pass over the telephone cable in reaching his destination, it is clear that he intended no digging or other work which would damage a cable buried at a prudent depth under the surface of the unopened street. The law should not require a reasonable man to anticipate telephone cable in a dedicated road, unmarked by signs and buried only six inches deep.
Rehearing denied.
DIXON, J., dissents from refusal. *551