401 So.2d 468 (1981)
SOUTH CENTRAL BELL TELEPHONE COMPANY, Plaintiff-Appellee,
v.
SOUTHERN EXCAVATION INC., Defendant-Appellant.
No. 14542.
Court of Appeal of Louisiana, Second Circuit.
June 8, 1981.
*469 Shadoin & Bleich by E. Joseph Bleich, Ruston, for defendant-appellant.
Tucker, Martin, Holder, Jeter & Jackson by T. Haller Jackson, III, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Southern Excavation, the defendant herein, appeals an adverse judgment of the district court which decreed defendant negligent in damaging underground communications cable belonging to the plaintiff, South Central Bell Telephone Company. Our review of the record reveals no error by the trial court in its ruling, and for the reasons assigned the judgment is affirmed.
In June 1978 defendant was engaged in excavation work for the widening of North Gate Road in Bossier City, Louisiana. In accordance with general contract specifications approved by the state highway department, defendant was excavating for the purpose of installing storm drains near the intersection of North Gate Road and Patricia Drive. Before beginning their work and in accordance with customary operating procedures, defendant had coordinated its digging with plaintiff to avoid damaging the buried communications cable maintained by plaintiff. On such occasions the contractor would notify plaintiff and request that the cables be located and exposed to avoid damage. This enables the contractor to perform the work while actually seeing the cable. On the particular occasion which forms the subject of this lawsuit plaintiff had located and exposed the cables running approximately parallel to the proposed work area in order that defendant could physically pick up the cable and place their culverts underneath it. It was discovered however during the course of construction that the excavation to expose the cables was causing a drainage problem into the right-of-way. Following a meeting concerning this problem, defendant agreed to halt its work until plaintiff relocated the cable further from the right-of-way.
On June 6, 1978, after receiving notification of disrupted service, a repair technician employed by plaintiff discovered that one cable had been severed and two more damaged in the area south of Patricia on North Gate in the area where defendant had been digging. After repairing the cables, plaintiff sent a bill for the damage to defendant. Defendant disclaimed responsibility for the damaged cables and this lawsuit followed.
At the trial on the merits, the amount of damages was stipulated and defendant abandoned its reconventional demand. The trial court found defendant negligent in damaging the cables, which although underground, were located less than ten feet from a point where the cable was actually exposed.
Defendant specifies as error the finding of negligence on its part contending that it was performing its job according to contract specifications. Defendant contends that the damage to the cables was a result of plaintiff's failure to relocate the cables properly. Defendant further contends plaintiff cannot recover part of the damages claimed because one of the severed cables belonged to AT&T.
The issue is whether under the facts presented, the trial court correctly found *470 that defendant breached a duty owed to plaintiff which caused the damages sustained.
This court has stated that a person performing excavation work in an area where underground utility cables are located is under the positive duty to inform himself of the location of such cables in order to prevent damaging them. Southern Bell Telephone & Telegraph Company v. Ray Cook and Sons, Inc., 218 So.2d 404 (La.App. 2d Cir. 1969). See Annot., "Liability of One Excavating in Highway for Injury to Public Utility Cables, Conduits, or the Like," 73 ALR 3d 987 (1976).
In the Ray Cook case, the defendant was found negligent in damaging underground cable with dirt moving machinery. In that case the defendant had been advised about the buried cable, its general location, and his attention called to one of the four warning signs placed in the vicinity.
In the instant case the defendant excavating company had worked in cooperation with plaintiff on the highway project in order that the location of the underground cables could be known at all times. The trial judge found that the cable had been unearthed up to a point less than ten feet from the point where the underground cable was severed.[1] Defendant was the only contractor working in the area of the damage and Curtis Hatchett, job foreman for defendant conceded that it was his workmen who cut the cable. Although Hatchett testified that he assumed the cable had been relocated out of the way of his digging machines, he was fully aware of the exposed cable in the area (as close as twenty feet from the point of damage by his own testimony). In view of the fact that the cable was damaged five feet below the surface and less than ten feet from where the cable reentered the ground, defendant would necessarily have to know that there was cable buried nearby which was subject to damage from the backhoe. Regardless of whether defendant was digging in accordance with job specifications we hold that it was unreasonable to simply assume that the cable had been moved and to proceed in such close proximity to the point where the exposed cable reentered the ground.
The trial court's finding that defendant's failure to adequately inform itself of the location of plaintiff's buried cable caused the damage incurred by plaintiff is supported by substantial evidence in the record and will not be disturbed.
Defendant's contention that plaintiff has failed to establish that the damage to the cable was sustained by plaintiff is without merit. The record discloses that although one of the severed cables was owned by AT&T, plaintiff was responsible for maintenance of the cable in the area of the damage. It is undisputed that plaintiff did in fact perform the repairs necessitated by defendant's negligent excavation. Under these circumstances, plaintiff was entitled to sue for the amount expended in repairing the damaged cable.
For the foregoing reasons the judgment appealed casting Southern Excavation Inc. liable for damage sustained by plaintiff is affirmed at appellant's costs.
NOTES
[1] Although there is some conflict in the testimony as to the exact distance between the point where the cable reentered the ground and the point where the line was severed, the difference in these estimated distances is not determinative of our resolution of this case.