SAMUEL, Judge.
Appearing herein individually and on behalf of her three minor children, plaintiff filed this suit against her landlord and its liability insurer for damages resulting from two fires in her apartment complex. Defendants answered, admitting the fires but denying liability, and filed a third party demand against James W. McCann who allegedly committed arson, which caused the fires.
Following trial, judgment was rendered in favor of plaintiff individually for property damage in the sum of $3,764.62, and mental anguish in the sum of $2,000. The judgment also awards $300 to each of the three minor children. In addition, there was judgment on the third party demand in favor of the original defendants and against McCann in the sum of $3,332.31.
Defendants-third party plaintiffs have appealed. In this court they contend: (1) No award should have been made for damages resulting from the second fire, since it was caused by arson; and (2) the lease absolved the landlord from liability resulting from acts or neglects of co-tenants.
On December 24, and December 29, 1976, fires originating in an empty apartment directly below that of plaintiff damaged plaintiff’s property. The first fire caused soot and smoke damage to plaintiff’s furniture and also to the clothing of plaintiff and her children, and the second fire, which was much more extensive, caused substantial fire and water damage as well. Plaintiff was not present at either fire.
Apartment 157, where the fires originated, had been gutted by the landlord in the process of repairing a broken sewer line. The tenants had moved and mattresses for four beds were stacked in a work area and in a walk-in closet. Carpeting was pulled up and stored, and paint cans and volatile liquids also were stored in the empty apartment.
Testimony relative to the occurrence of the first fire was given by Charles Burn, chief of the Eighth District Fire Department for the City of New Orleans. He arrived at the scene with his men shortly after that fire started. The door to the apartment was locked. The fire originated in the rear bedroom, and Burn, qualified as an expert, felt it had been caused by a carelessly thrown cigarette. Finding numerous cigarette butts on the floor and excessive storage of combustible and volatile materials, he concluded the fire would not have occurred had the materials not been stored in the apartment. He ruled out arson as the cause of this fire. He was not present at the second fire.
Witnesses relative to the occurrence of the second fire were Cheryl Cannon, the resident manager of the apartment complex (who was out of the city during the first fire), James McCann, the alleged arsonist, and Sgt. Ronald McPherson, a criminal investigator for the New Orleans Police Department, who is also a resident of the apartment complex and works there as a *234 security guard when not on his job with the police department. McPherson also was present at the first fire.
Mrs. Cannon testified she was visiting friends in an apartment directly across from the unoccupied apartment in which the fires originated at about 11 p. m. on December 29, the night of the second fire, when she heard a loud noise and went to investigate. The unoccupied apartment was engulfed in flames. She bumped into James McCann who was running from the apartment. She suspected McCann of arson because McCann knew exactly where to cut off the switches to the electricity where the fires originated and he was acting strangely and was overly solicitous. The complex had two additional fires where arson also was suspected because the fires originated in other electrical boxes.
On the advice of his attorney, McCann refused to testify on the constitutional ground that he might incriminate himself.
Sgt. McPherson, accepted as an expert, stated that the first fire was inside the ceiling and the electricity was cut off, but the second fire was an electrical fire. He observed McCann in the crowd at both fires. McCann acted abnormally at the second fire and was interrogated at length by McPherson, once at the Algiers Naval base where McCann was employed and where there also was a rash of fires. McCann admitted setting two of ten fires, including setting the second fire in suit, by applying rags around wires coming into a circuit breaker. He told McPherson foam rubber burned well. McPherson was convinced McCann set the fires he admitted setting because of his knowledge of how and where they started. He did not believe McCann started the first fire, although he was present, because McCann was acting in a normal manner at that time. McCann sought psychiatric treatment and was still under psychiatric care six months later.
The only damage to plaintiff’s property as a result of the first fire was due to soot and smoke and we conclude that the first fire was not caused by arson.
The second fire caused extensive damage. Since the judgment appealed from awards damages exceeding that caused by the first fire, it is clear the trial judge either did not believe the proof was sufficient to conclude the second fire was caused by arson, or that the defendant was negligent in not removing the mattresses, carpeting, paint and volatile liquids, and locking and boarding up the apartment after the first fire. Either conclusion, by itself, is sufficient to establish liability.
Had the apartment been locked, which it was not after the first fire, and barricaded where the windows had been burned out, the alleged arsonist would not have had access to the apartment at the time of the second fire. Such a conclusion is within the wide discretion afforded the trial court and we cannot say that conclusion is manifestly erroneous.
Relative to appellant’s second contention, the lease did absolve the landlord from liability resulting from acts or neglects of co-tenants. However, the lease could not absolve the landlord from liability for its own acts or neglects. As pointed out above, the landlord had a duty, after the first fire, to secure the apartment so no unauthorized person or persons would have access. This was not done.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.