652 So.2d 1090 (1995)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS.
Nos. 94-CA-1648, 94-CA-1649.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1995.
Writ Denied May 19, 1995.
*1092 R. Henry Sarpy, Jr., L. Barbee Ponder, IV, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, and Ronald W. Tweedel, New Orleans, for plaintiff-appellee.
Brian A. Ferrara, John D. Lambert, Jr., Jacob Taranto, III, New Orleans, for defendant-appellant.
Before LOBRANO, WALTZER and MURRAY, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
Defendant, Sewerage and Water Board of New Orleans (SWB), appeals from a judgment of the Civil District Court for the Parish of Orleans granting the motion for summary judgment filed on behalf of plaintiff, South Central Bell Telephone Company (Bell). The summary judgment awarded Bell $26,302.82 for damages sustained to certain of Bell's underground and overhead cables damaged by SWB's excavation and negligent operation of overhead machinery. We find no error in the trial court's action and affirm.

DAMAGE TO OVERHEAD CABLE LOCATED AT EADS AND INDUSTRY STREETS
Gilmore W. Alexander, III, Bell's supervisor of network operations, testified by affidavit that he investigated and supervised repair of an aerial telephone cable located at the Sewerage and Water Board facility at Eads and Industry Streets, and was told by an SWB employee that an SWB co-employee struck Bell's aerial cable while moving a piece of heavy equipment. Richard Richardson, Bell's staff manager of claims, testified by affidavit that the cost incurred by Bell in repairing the damage to the aerial cable was $636.57. SWB submitted no evidence disputing these material facts.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). While a motion for a summary judgment is not to be used as a substitute for trial on the merits, Oller v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4th Cir.1984), writ denied 457 So.2d 1194 (La.1984), a summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to *1093 judgment as a matter of law. La.C.Civ.P. art. 966(B).
To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981); Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La. App. 4th Cir.1993).
A fact is material if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4th Cir.1992), writ not considered 613 So.2d 986 (La.1993).
All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Carr v. City of New Orleans, 622 So.2d 819, 822 (La.App. 4th Cir.1993), writ denied 629 So.2d 404 (La.1993). The papers supporting the position for the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion Corp. v. Vaughn, 397 So.2d at 493.
Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268, 1269 (La.1981).
When a motion for summary judgment is made and supported with affidavits, depositions and/or answers to interrogatories, the adverse party may not rest merely on the allegations or denials contained in the pleadings. Poydras Square Associates v. Suzette's Artique, Inc., 614 So.2d 131, 132 (La.App. 4th Cir.1993). Similarly, argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested facts present no legal issues. Davenport v. Amex Nickel, Inc., 569 So.2d 23, 27 (La. App. 4th Cir.1990), writ denied 572 So.2d 68 (La.1991). Allegations without substance will not preclude a summary judgment. Id.
Mindful of these standards, we find the trial court correctly granted the motion for summary judgment as to this claim. The only verified allegation made by SWB with respect to this damage claim was a notation contained in interdepartmental correspondence that SWB performed no excavation at the site on the date in question. Since this claim is for damage to overhead cable, existence of excavation operations is irrelevant. SWB failed to offer sworn evidence to place in issue any material fact.

DAMAGES TO UNDERGROUND INSTALLATIONS
A person such as SWB performing excavation work in an area where underground cables are located is under the positive duty to inform himself of the location of such cables in order to prevent damaging them. This duty arises independently of any contractual relationship between the parties. Whether or not SWB was obliged to give oral notice to Bell is not relevant to the inquiry herein. South Cent. Bell Telephone Co. v. Louisiana Power & Light Co., 501 So.2d 869, 872 (La.App. 5th Cir.1987).
In Roberts v. Benoit, 605 So.2d 1032 (La.1991), the Louisiana Supreme Court held that in order to prevail on a negligence claim under La.C.C. articles 2315 and 2316 a plaintiff must prove 5 separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries *1094 (the scope of liability or scope of protection element); and (5) actual damages (the damages element.) To meet the cause-infact element, a plaintiff must prove only that the conduct was a necessary antecedent of the accident, that is, but for the defendant's conduct, the incident probably would not have occurred. The critical test in Louisiana is phrased in terms of the "ease of association" which melds policy and foreseeability into one inquiry: Is the harm which befell the plaintiff easily associated with the type of conduct engaged in by the defendant? The essence of the legal cause inquiry is whether the risk and harm encountered by the plaintiff fall within the scope of protection of the duty.
The scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. Rules of conduct are designed to protect some persons under some circumstances against some risks. The scope of protection inquiry asks whether the enunciated rule extends to or is intended to protect this plaintiff from this type of harm arising in this manner.... In determining the limitation to be placed on liability for defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced. Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289, 293-294 (La.1993).
Applying this standard to Bell's claims, it is clear that the risk of damage to underground cable is clearly associated with the negligent act of failing to ascertain prior to commencement of excavation whether the cable is present.
Duty is a question of law. Simply put, the inquiry is whether the plaintiff has any law-statutory, jurisprudential or arising from general principles of faultto support his claim. Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289, 292 (La.1993). The jurisprudence is clear that an excavator has a legal duty to inform himself of the location of underground cables. South Cent. Bell Telephone Co. v. Louisiana Power & Light Co., supra; South Cent. Bell Tel. Co. v. Southern Excavation, Inc., 401 So.2d 468 (La.App. 2d Cir.1981); Southern Bell Tel. & Tel. Co. v. Roy Cook & Sons, Inc., 218 So.2d 404 (La.App. 2d Cir.1969).
The trial judge determined as a matter of law that SWB's failure to notify Bell of its proposed excavations violated the provisions of La.R.S. 40:1749.11 et seq., the "Louisiana Underground Utilities and Facilities Damage Prevention Law." La.R.S. 40:1749.11 B. sets forth Louisiana's public policy to promote "the protection of property, workmen, and citizens in the immediate vicinity of an underground facility or utility from damage, death, or injury and to promote the health and well-being of the community by preventing the interruption of essential services which may result from ... damage to, underground facilities or utilities." La.R.S. 40:1749.13 requires excavators such as SWB to serve at least 48 hours' telephonic notice of intent to excavate to a regional notification center serving the area in which the proposed excavation is to take place. The only exception to the 48 hour minimal notice requirement is for "emergency excavation to ameliorate an imminent damage to life, health or property." La.R.S. 40:1749.15 (Emphasis added). In the event of such an emergency, the excavator is mandated to give oral notice of the emergency excavation "as soon as practicable" to the regional center or to each underground operator having facilities located in the area and, "if necessary, emergency assistance shall be requested from each operator in locating and providing immediate protection to its underground facilities." Id.
Bell's affidavits and depositions of SWB employees John R. Huerkamp and Brian Keith Jones establish that SWB excavated and failed to give the required 48 hour notice with respect to the following locations at which Bell's underground installations were damaged: 4851 Shalimar, 2120 South Gayoso, 52 Pratt, 1818 Franklin Avenue, 1500 Aviators, the intersection of Texas Drive and General DeGaulle, and the intersection of Old Gentilly Road and Poche Court. Log sheets prepared by SWB and by the regional notification center were attached to the affidavits and depositions, and reflect the absence of the required notice.
*1095 SWB submitted Huerkamp's affidavit that "maintenance of the sewer, water and drainage systems are of an emergency nature because immediate action is required to repair sites in order to prevent the interruption of those services." This affidavit does not set forth any "imminent damage to life, health or property" as required by the statute to justify emergency excavation without 48 hour notice. The conclusory language of the affidavit does not put at issue any fact material to the dispute between these parties, and cannot serve as the basis for denial of Bell's motion for summary judgment.

QUANTUM
The affidavit of Richard Richardson, as to which there is no contradictory evidence of record, establishes damages attributable to each of the foregoing excavations:

 4851 Shalimar: $ 1,699.51
 1500 Aviators: 2,255.37
 1818 Franklin Avenue: 404.41
 52 Pratt 1,246.68
 Poche and Old Gentilly 6,189.84
 Texas and DeGaulle 1,239.17

James F. Perot, Jr., Bell's staff manager for claims, testified by affidavit that the cost to repair the damage to the Bell installation at 2120 South Gayoso was $12,631.27.
Applying Louisiana's standard for review of the trial court's action on motion for summary judgment, we find no error below and affirm.
AFFIRMED.