788 So.2d 706 (2001)
Richard PULLING, as natural tutor on behalf of his minor daughters, Ashley Elizabeth PULLING and Lauren Michelle Pulling, and Earl Bertin and Beryl Bertin, as legal guardians of their minor granddaughter, Lauren Michelle Pulling
v.
Henry C. DESMARE, Sr., Betty L. Desmare, and Audubon Insurance Group.
No. 00-C-1869.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2001.
Gregory J. McDonald, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, LA, for relator.
*707 W. Chad Stelly, McQuaig & Stelly, Metairie, LA, for respondent.
Court composed of Judges SOL GOTHARD, JAMES L. CANNELLA, CLARENCE E. McMANUS, PATRICK M. SCHOTT, Pro Tempore, and PHILIP C. CIACCIO, Pro Tempore.
PATRICK M. SCHOTT, Judge Pro Tempore.
On the application of Henry C. and Betty F. Desmare and Audubon Insurance Group (Audubon), defendants, we grant certiorari in order to review the judgment of the trial court signed on November 6, 2000, denying defendants' motion for summary judgment. The issue is whether there is any genuine issue of material fact so as to preclude summary judgment. Finding none, we reverse and grant the summary judgment.
This case arises from a fire that occurred on October 29, 1997, in the residence owned by the Desmares and insured by Audubon. Tammy Pulling, who was a guest in the residence at the time, died from smoke inhalation. This is a wrongful death claim and survival action filed on behalf of her children.
The Desmares had lived in the home for 25 years before the fire, and for at least ten years before the fire, there were no repairs or renovations done to the house. Tammy Pulling had been married to the Desmares' son, Henry, Jr., until they were divorced in February 1983. While they were married, they lived in the subject residence and they remained friends after their divorce and after her marriage to and divorce from Richard Pulling. Over these years, after her divorce from Desmare, she came back to the residence on occasion to visit and was an overnight guest on the night of the fire.
In his affidavit, Henry Desmare, Jr., stated as follows: Tammy, who was a habitual smoker, went to sleep on a sofa in the dining room by a partition wall which separated the room from the living room, while Desmare slept on a sofa in the den. From where she slept, Tammy was no more than 20 feet from the front door and no more than 30 feet from where Desmare was sleeping. In the early morning hours of October 29, 1997, Tammy woke him up and said the sofa on which she had been sleeping was on fire. He went to the dining room with her and saw that the sofa was on fire and the fire was spreading. From where they were standing, they could both see the front door and the smoke was not bad and visibility was good at this time. He told Tammy to go out of the house through the front door, only 20 feet away, because he realized the fire was too big for him to control. She acknowledged what he said and did not ask him for assistance in getting out. There were no obstacles to prevent her from immediately leaving the house through the front door. He left her to arouse the other occupants of the house and get them out, especially his father who was a double amputee. With assistance of two deputies who arrived on the scene and his two brothers, Desmare was able to get his father out. After that, he realized Tammy had not exited the house and he reported this to the firemen who began searching for her.
Other affidavits in support of defendants' motion showed that the fire started on the sofa where Tammy was sleeping, she was a smoker, and she was thoroughly familiar with the house. In her affidavit, Mrs. Desmare stated that the house, which was single-story, ranch-style, had front and back doors, two windows adjacent to the back door, and other windows on the exterior walls. She also said her three sons and two deputies got her *708 husband out of the house through the window in his bedroom.
In their petition, plaintiffs allege that Tammy died because she had inadequate warning of the fire. They allege that defendants were at fault in failing to have smoke detectors and alarms, fire extinguishers, and adequate emergency exits.
In addition to the affidavits of Mrs. Desmare and Henry Desmare, Jr., discussed above, defendants also filed copies of pertinent sections of the Jefferson Parish building codes to show that smoke detectors, alarms, and fire extinguishers were not required in this old residence and that the exits were adequate.
In opposition, plaintiffs filed only the fire department report of the fire and a copy of a newspaper story about the fire in which the spokesman for the fire department is quoted as saying that Tammy, when she awoke, "was disoriented and could not find her way out...."
Our review of the trial court's denial of summary judgment is de novo; that is, we examine the record to determine ourselves if there are genuine issues of material fact and whether defendants are entitled to judgment as a matter of law. LSA-C.C.P. art. 966 provides that the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of a case, that it is favored, and that it shall be construed to accomplish these ends. It further provides that while the burden of proof remains with the movant, that burden does not require him to negate all elements of the other party's claim, but rather to point out that there is an absence of factual support for one or more elements essential to the other party's claim. Thereafter, if the other party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In order to prevail at trial, plaintiffs must prove that defendants breached a duty owed to them and that the breach was a cause in fact of the accident. In their petition, plaintiffs specified that the duties owed to them were to have smoke detectors, fire extinguishers, and adequate exits in the house. Defendants produced evidence that they had no duty under the Jefferson Parish Building Code to have smoke detectors and fire extinguishers and that the exits were adequate. In the trial court, plaintiffs offered no evidence to prove that defendants owed these duties. For the first time, in this Court, they offered excerpts from the 1997 edition of the Life Safety Code Handbook which defendants moved to strike since it was not offered in the trial court and is not certified as required by LSA-C.C.P. art. 967. We find that defendants' motion has merit so that their evidence of no duty owed to plaintiffs still stands uncontradicted.
However, the issue of duty is not the only deficiency in plaintiffs' case. In order to prevail at trial, they must prove that defendants' breach of duty, if any, was a cause in fact of the accident. The uncontradicted affidavits of the Desmares show that Tammy was the first one to wake up in the fire, she alerted Henry, Jr., and he got the others up and out of the house. He told her to go out through the front door, which was just 20 feet away, along an unobstructed path at a time when there was little smoke and good visibility. She acknowledged what he said. He thought she would go out, so he left her to help get the others, especially his invalid father, out of the house. No one knows why she did not leave, but it was her decision not to leave that was her undoing. That decision was the sole cause of her death, according to the uncontradicted affidavit of Henry Desmare, Jr. The only thing plaintiffs offered *709 in contradiction was a newspaper story containing a statement that was rank hearsay.
Thus, defendants pointed out with their affidavits and other documents an absence of factual support for at least one element of plaintiffs' claim, and they failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. Thus, under LSA-C.C.P. art. 966, defendants are entitled to summary judgment and the trial court erroneously denied their motion.
Accordingly, the judgment of the trial court is reversed, defendants' motion for summary judgment is granted, and plaintiffs' suit is dismissed.
REVERSED AND RENDERED.
CANNELLA, J., dissents.
CANNELLA, Judge, dissenting.
I would deny the writ. Based on the evidence submitted, I believe that there are genuine issues of material facts existing as to causation and mover is not entitled to judgment as a matter of law.