# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-887


**BEAU MEYNARD, JR., ET AL.**

**VERSUS**

**PICKETT INDUSTRIES, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 205,921
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Michael G. Sullivan, Judges.

**COOKS, J., DISSENTS AND ASSIGNS WRITTEN REASONS.**

$\qquad$ **AFFIRMED.**

**Laura Norton Sylvester**
**P. O. Box 13020**
**Alexandria, LA 71215-3020**
**Telephone: (318) 445-4516**
**COUNSEL FOR:**
$\qquad$ **Defendant/Appellee - City of Alexandria**

**Mark Felipe Vilar**
**Faircloth, Davidson Vilar & Elliott, L.L.C.**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**Telephone: (318) 442-9533**
**COUNSEL FOR:**
$\qquad$ **Plaintiff/Appellant - Beau (Harvey E.) Meynard, Jr. and Robin King Meynard**

**Scott Louis Zimmer**
**COOK, YANCEY, KING & GALLOWAY**
**P. O. Box 22260**
**Shreveport, LA 71120**
**Telephone:  (318) 221-6277**
**COUNSEL FOR:**
> **Defendant/Appellee - Pickett Industries, Inc. and American Employers Ins. Co.**

THIBODEAUX, CHIEF JUDGE.

In this summary judgment proceeding, plaintiff, Harvey E. Meynard, Jr., appeals the trial court's grant of a summary judgment in favor of the defendant, City of Alexandria (City). Mr. Meynard was injured on an area of his property which the City held as a servitude, and argued that the City should be held responsible for the condition of the easement. Because Mr. Meynard did not show the existence of issues of material fact regarding the City of Alexandria's custody and notice of a hazardous condition, we affirm the trial court's judgment.

## I.

## **ISSUES**

Mr. Meynard argues that the trial court erred in granting the City of Alexandria's motion for summary judgment because the accident occurred on a City easement during a construction project in which the City retained custody and guard of the servitude area. He also argues that the City had a duty to protect him from hazardous conditions on the servitude, and the City knew or should have known of the existence of the hazardous condition.

## II.

## **FACTS**

In August of 2000, Pickett Industries, Inc., under the auspices of the City of Alexandria, began a construction and drainage improvement project on the canal which abuts the backyards of several residences on Belleau Wood Boulevard in Alexandria, Louisiana. The plan included excavation and drainage work. The project covered a portion of Harvey E. Meynard, Jr.'s property which was subject to a drainage and utility servitude.

1

On April 11, 2001, Mr. Meynard walked into this area of his backyard to take before-and-after pictures of the construction project. He fell and injured himself on a piece of rebar that had been obscured by the grass. Rebar is used to reinforce concrete, and is commonly used in construction projects. Mr. Meynard sued the City of Alexandria and Pickett Industries. Pickett Industries filed a motion for summary judgment. The trial court denied Pickett's motion, finding there were issues of material fact that needed to be resolved at trial. Pickett did not appeal. The trial court, however, granted the City of Alexandria's motion for summary judgment. The City's motion asserted that it did not have custody of the area where the plaintiff was injured, had no duty to protect the plaintiff from the harm suffered, and had no knowledge of the hazardous condition in the construction site.

The trial court concluded that plaintiff had provided no evidence there was an unresolved question of material fact, and that therefore the City of Alexandria was entitled to judgment as a matter of law. The trial court specifically requested evidence that the City used rebar in any of its construction work in that area. Mr. Meynard provided testimony and documents showing that the City hired an engineering firm, Meyer, Meyer, LaCroix & Hixson, to perform design work and surveys, and to inspect the project several times a week. Additionally, the City maintained the servitude area by mowing the grass, removing weeds, and improving drainage prior to construction. In granting the motion for summary judgment, however, the court found that plaintiff provided no evidence that the City was aware of or had placed rebar in that area.

## III.

## <u>LAW AND DISCUSSION</u>

Mr. Meynard's suit alleges that because the City of Alexandria had custody and control of the easement, it was responsible for the condition of the property and, therefore, is liable for damages caused by the hazardous condition found on the easement. Civil Code Articles 2317 and 2317.1 govern duties created by ownership of a thing. Article 2317 ascribes responsibility for damages caused by things in custody to their custodian; Article 2317.1 makes a custodian responsible for damages caused by a dangerous condition inherent in the thing "only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage." *Id.*

Louisiana Code of Civil Procedure Article 966 encapsulates the standard for granting motions for summary judgment. A motion which demonstrates that "there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." La.Code Civ.P. art. 966(C)(1). In order to succeed in the motion for summary judgment, the moving party must establish the nonexistence of issues of material fact. *Union Oil Co. of California v. Cheyenne Oil Properties, Inc.*, 02-1330 (La.App. 3 Cir. 3/5/03), 839 So.2d 1170. The burden of proof to sustain the motion remains with the movant. However, that burden does not require the movant to negate each element of the opposing party's claim. *Pulling ex rel. Pulling v. Desmare*, 00-1869 (La.App. 5 Cir. 5/30/01), 788 So.2d 706. If the moving party does not have the burden of proof on the issue at trial, his responsibility is to demonstrate an absence of factual support for one or more elements essential to the other party's claim. Thereafter, if the other party fails to produce factual support sufficient to establish that he will be able to satisfy his

3

evidentiary burden of proof at trial, there is no genuine issue of material fact. *Id.*; *see also Pardue v. AT&T Telephone Co.*, 01-762 (La.App. 3 Cir. 10/31/01), 799 So.2d 710, *writ denied*, 01-3167 (La. 2/8/02), 808 So.2d 352. An appellate court must review summary judgments de novo under the same criteria that govern the district court's decision of whether summary judgment is appropriate. *Union Oil Co.*, 839 So.2d 1170.

To prevail on either a negligence or strict liability theory of damages caused by ruin, vice or defect, the plaintiff must show that the thing which caused the damage was in the custody of the defendant, that the thing had a defect which created an unreasonable risk of harm, and that the injury was caused by the defect. *Conques v. Wal-Mart Stores, Inc.*, 00-619 (La.App. 3 Cir. 2/14/01), 779 So.2d 1094, *writ denied*, 01-715 (La. 4/20/01), 790 So.2d 643. Additionally, Mr. Meynard must show that the City of Alexandria knew or should have known of the defect. To sustain a cause of action under La.Civ.Code art. 2317 against a public entity for damages caused by things under its custody, La.R.S. 9:2800(C) requires the plaintiff show the public entity "had actual or constructive notice of the particular vice or defect which caused the damage" before the accident occurred.

In the defendant's motion for summary judgment, however, the City demonstrated the evidence regarding custody and notice does not support Mr. Meynard's assertion of liability. Mr. Meynard asserts that the City had custody over the servitude because it performed maintenance, such as mowing the grass, removing weeds, improving drainage, and performing surveys of the land. The City maintains that their contract with Pickett assigned responsibility for maintenance, safety precautions, cleanup, and staffing of the project. Their contract specifically states that Pickett assumed responsibility for keeping the construction area free from waste,

4

debris, and surplus materials. Additionally, the contract stated that the City shall not "supervise, direct, control or have authority over" Pickett's construction methods or procedures. The City of Alexandria also provided deposition testimony from Pickett's site manager showing that Pickett, and not the City, was responsible for the condition of the construction site.

Despite this evidence, Mr. Meynard argues that Louisiana jurisprudence on custody incorporates circumstances in which more than one party was found to have custody of a thing. The situations in which courts have considered dual custody of a thing, however, have primarily been cases in which two parties share responsibilities of custodianship. For instance, one party may have custody of the behavior of a thing, while the other has custody over the structure of the thing. The former bears responsibility for the consequences of the thing's actions, while the latter bears responsibility for the consequences of the thing's defects. *King v Louviere*, 543 So.2d 1327 (La.1989). Also, situations in which parties have split the responsibility for property or things may give rise to dual custodianship, but the custody is framed in reference to the relationship between the custodian and the thing. For example, in *Ehrman v. Holiday Inns, Inc.*, 94-312 (La.App. 4 Cir. 3/29/95), 653 So.2d 732, Holiday Inn had agreed by contract to maintain and repair the premises it leased from the property owner, but did not lease the sidewalk in front of the building. Holiday Inn benefitted enormously from the adjacent sidewalk, and in fact cared for that area of sidewalk by hosing it and applying a degreaser. The court found Holiday Inn liable for the condition of the property, but noted that another defendant may also be held liable "by its own actions and relationship to the thing causing plaintiff's injury." *Id.* at 738. The other defendant, a parking garage who leased property adjacent to the sidewalk, was not responsible for cleaning the area by terms

5

of the contract. The court found, however, that the lease created custody or garde of the area, since use of the garage required use of that stretch of sidewalk. That area was an integral part of the garage, and the garage owner was therefore responsible for its upkeep.

Unlike the situations described above, the City of Alexandria did not share dual custody with Pickett Industries. The trial court was correct.

IV.

**CONCLUSION**

For the above reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to appellant Harvey E. Meynard, Jr.

**AFFIRMED.**

BEAU MEYNARD, JR.

VERSUS

PICKETT INDUSTRIES, INC.

**COOKS, J., dissents**.

I disagree with the result reached by the majority opinion dismissing the City of Alexander on a motion for summary judgment. The majority opinion holds the City had no custody and control of the easement and no knowledge of the presence of the rebar on the site and therefore no cause of action can be maintained against it. The City was the owner of the easement and contracted with Pickett Industries to perform drainage improvements on the property. When the City invited Pickett Industries onto the property, as owner, it did not relinquish legal custody and control, rather the City exercised its custody and control of the area. Moreover, while the City might not have had specific knowledge of the presence of rebar, it certainly had knowledge of the fact that the area was a construction site. To the extent the City is found liable for the negligence of the contractor, its legal recourse is to seek indemnification from the third party tortfeasor as provided in the contract which is typically secured by a bond. The City has a responsibility to contract with a reputable company to perform the work and cannot abdicate its primary legal obligation to the landowner. For that reason, I would not have granted the summary judgment in favor of the City of Alexandria.